SCHWARTZ, APPELLANT, *v.* SCHWARTZ, APPELLEE.

[Cite as Schwartz v. Schwartz, 1 Ohio App. 2d 451.]

(No. 26929—Decided December 3, 1964.)

*Messrs. Spiegel & Mesch*, for appellant.
*Messrs. Burke, Haber & Berick* and *Mr. Jules L. Marko-witz*, for appellee.

SKEEL, C. J. This appeal comes to this court on questions of law from a final order of the Court of Common Pleas of Cuyahoga County entered March 2, 1964. The action, as filed July 28, 1960, was one wherein the plaintiff prayed for a divorce from the defendant. The defendant filed an answer and cross-petition, both of which were withdrawn as shown by the journal entry granting a divorce to plaintiff on the grounds of gross neglect of duty. The decree was filed June 23, 1961. The plaintiff's petition charged defendant with gross neglect of duty and extreme cruelty, stating that he is possessed of a "violent and ungovernable temper and that he has in the past assaulted, harmed and abused plaintiff," which allegation remains unchallenged in the pleadings. The evidence presented at the trial on the issues seeking divorce is not in the record.

The decree of divorce included within its terms a seperation agreement which was included by reference in the journal entry. This agreement, among other things, set out the visitation rights of the defendant with his daughter who was then about four years of age. The defendant was afforded his visitation rights until after Sunday, November 25, 1962, even though he was delinquent on occasions in support payments, as shown by plaintiff's motion of February 5, 1963, to reduce arrearages to judgment. Thereafter, on December 12, 1962, defendant filed a motion to modify the prior custody order, together with a motion seeking to direct the plaintiff to show cause for violating defendant's rights of visitation with his daughter. The plaintiff filed a motion to review a report of the referee which rec-

ommended the delivery of the minor child to grandparents. On March 4, 1963, the plaintiff filed a motion seeking an order terminating defendant's visitation rights. On April 15, 1963, the court, without giving any consideration to the foregoing motions, ordered a journal entry directing that payments of alimony and support be made semimonthly.

On November 6, 1963, defendant filed a motion seeking to restrain the plaintiff from taking Jo Dubin Schwartz (the minor child of the parties) to Pittsburgh "with her," because such conduct will cause the defendant great injury with regard to the defendant's rights of visitation with his daughter. The defendant filed with this motion an affidavit stating that the plaintiff had remarried and was intending to move to Pittsburgh with her new husband and take the child, Jo Dubin Schwartz, with her.

The record then discloses that on November 27, 1963, a journal entry was filed stating that there was a hearing on November 12, 1963:

1. Of plaintiff's motion to terminate defendant's rights of visitation with the child of the parties (filed March 4, 1963).

2. Motion of plaintiff to review referee's recommendations with respect to defendant's visitation rights (filed March 4, 1963).

3. Defendant's motion for a temporary restraining order (filed November 6, 1963).

The court overruled plaintiff's motion for a termination of defendant's rights of visitation, and found that the plaintiff had remarried and moved from the jurisdiction of the court and is presently living in Pittsburgh with her new husband and that the minor child of the parties to this action was taken by the mother to her new home in Pittsburgh. The court held that a review of the referee's report and of defendant's motion for a restraining order had become moot and that defendant's motion to fix new visitation rights was well taken (no such motion had been filed) and the court then proceeded to order the plaintiff to bring the child to Cleveland on specified dates and to permit visitation rights in Pittsburgh at times therein specified. The plaintiff filed a motion for new trial which came on for hearing on January 24, 1964, and on March 2, 1964, a journal entry was placed of record providing, in part, that plaintiff's

454

motion for new trial of the order, dated November 27, 1963, was not well taken and was overruled. Further that the motion to have plaintiff show cause why plaintiff should not be held in contempt is granted and defendant's motion to modify support payments should be granted and such payments reduced to $15 per week beginning January 27, 1964.

The notice of appeal of the plaintiff was filed appealing the order entered March 2, 1964, as above set out.

The bill of exceptions, filed on April 17, 1964, presented the testimony taken in April 1963 in support of plaintiff's motion to terminate defendant's visitation rights, which motion was not finally decided until November 27, 1963, some seven months after filing.

We have examined the bill of exceptions and find that the court's ruling on the motion to terminate defendant's visitation rights is against the manifest weight of the evidence. The evidence, aside from intending to establish the detrimental effect on the child's personality by reason of her visits with the defendant, was concerned with defendant's conduct in calling for the child on Sunday, November 25, 1962. The testimony of the plaintiff, which is corroborated by other members of her family and friends, and which was put in issue only by the defendant when other witnesses, particularly defendant's father and mother, or a Mrs. Storer, could have been called, presents circumstances which should give serious concern as to the fitness of defendant for the visitation rights spelled out in the divorce decree. At one place the plaintiff quoted the defendant as saying "He started to scream—'I am taking. I have a God Damm court order that says I can take her. There is nothing you can do to stop me. I have an order and I am going to do it every Sunday of my life.' "

Much of the testimony, some of which could have been challenged in some respects by witnesses who could have been called, does not support the order denying plaintiff's motion to terminate defendant's visitation rights and such order is, therefore, reversed as against the manifest weight of the evidence and the cause remanded for further proceedings. Coming to this conclusion, it must follow that the order finding plaintiff in contempt and the reduction of the amount of the support order must likewise be reversed and remanded.

One other fact or circumstance of the case needs consideration. The divorce granted to the plaintiff in this case was based on the aggressions of the defendant. The court found not only that the defendant had violated his marital obligations to such a serious extent that the wife had a legal right to be released from her duties as defendant's wife, but also that it was for the best interest of the child that the mother (plaintiff herein) be given the exclusive custody of the child of the parties.

These facts are undisputed in this appeal. It must be noted, however, that the plaintiff was not justified in not affording defendant the right of visitation until the court order on that subject had been reversed or revised under proper procedure. The question is, therefore, presented whether or not this plaintiff is required to remain in this jurisdiction to afford defendant visitation rights when the defendant's wrongful conduct caused the separation and dissolution of the family unit. Under these circumstances, the defendant has no absolute legal right to compel the plaintiff to remain a resident of this county when her best interest in her enjoyment of life will be best served and that of the child better protected by the plaintiff moving elsewhere and taking her child (whose custody she holds by decree of a court having jurisdiction of the case) with her. The separation agreement does not specifically deal with this question, that is there is no provision in the agreement whereby the plaintiff, for legitimate reasons, cannot leave this jurisdiction, establish a new domicile elsewhere, and take the child (with whose custody she is vested, the court having found that such custody was for the best interests of the child in the divorce decree) with her. Except for exceptional reasons, which certainly are not found in this case, after a divorce, justified by and granted upon the defendant's aggressions, and custody of a minor child of tender years, are decreed to the mother, it being found that such custody was for the best interest of the child, it would, in most cases, with this background, be an abuse of discretion not to permit the aggrieved wife, where she has remarried and is required to take up residence with her new husband at his domicile, wherever it may be, to take the child, granted to her custody, with her.

This right to continue custody of a minor child of tender years, where the circumstances justify the parent having cus-

tody, moving to another jurisdiction has not previously been dealt with in this state. However, in the case of *Genco* v. *Genco,* 90 Ohio Law Abs. 289 (Court of Appeals of Ohio), this result is supported. The question presented in that case was whether or not the Common Pleas Court abused its discretion in allowing a divorced wife to take children of the dissolved marriage, ages 11 and 12 years, to Colorado where she wished to establish residence. The case of *Godbey* v. *Godbey,* 70 Ohio App. 450, might be cited as holding contrary to the rule of the *Genco case.* However, the *Godbey case* is clearly distinguishable. That case deals primarily with the fitness of the applicant mother, then a nonresident, to custody, she having been denied custody when the case was originally tried.

In 27B Corpus Juris Secundum 487, Divorce, Section 313, it is said:

"Unless the decree expressly or impliedly forbids removal, there is no violation of the order by removing the child from the state. So, where the decree is silent as to custody, the husband does not violate an order of the court if he removes the child from the state, although the wife was given custody during the pendency of the suit, even though by statute the wife is primarily entitled to custody. * * *"

The further question of whether the court can order the child returned for brief periods at plaintiff's expense to afford the divorced husband visitation rights under the circumstances of this case is unreasonable and constituted reversible error. The obligation of support is not changed by the fact that the wife has changed her domicile.

The entry of March 2, 1963, overruling the motion for new trial, and the journal entry of November 27, 1963, to which the motion was addressed, are reversed for the reasons herein stated and the cause is remanded for further proceedings according to law.

*Judgment accordingly.*

ARTL and CORRIGAN, JJ., concur.

(Decided December 23, 1964.)

ON APPLICATION for reconsideration.

SKEEL, C. J. The question now before the court is presented by defendant's application for reconsideration of this court's

decision reversing the trial court's judgment overruling the plaintiff's motion for a new trial addressed to the trial court's judgment entered November 27, 1963, which overruled plaintiff's motion to terminate defendant's visitation rights of the minor child of the parties and granting the motion of the defendant seeking an order of contempt against the plaintiff for denial of defendant's visitation rights and seeking a new order defining defendant's visitation rights.

The defendant's claim for reconsideration sets out three grounds on which such application is based. They are:

1. That the court's ruling is based on a misconception of the record.

2. That the reversal of the contempt order is contrary to law.

3. That the reversal of the order reducing support payments is erroneous and that that issue had been withdrawn by the plaintiff upon hearing of this appeal.

It will be seen from an examination of the record that the motion of defendant in seeking a temporary restraining order to prevent the plaintiff from taking the child of the parties to Pittsburgh where she was moving to the address of her new husband included a request to fix defendant's visitation rights. Such motion should have been filed as two separate motions. Such duplicate filing was not properly stated in this court's opinion but the trial court's ruling on this question was fully considered by this court and, therefore, its omission in recording the history of the case was of no consequence. The defendant's misunderstanding of the record is clearly shown by his statement that this court did not take account of the facts set out in what is called an amendment to the bill of exceptions filed by agreement of the parties. It is the right of the parties to agree to any modification of their visitation rights and release either party from liability for contempt in deviations from prior journalized orders, as for example a waiver of any right claimed violated in the motion to show cause of defendant filed December 12, 1962, which motion has never been ruled on by the court. However, this court cannot consider as a part of the record unjournalized orders of the trial court. This is a rule too well established to require the citation of authorities. The defendant's claim that the plaintiff should have appealed from such unjournalized orders is without legal merit.

We adhere to our ruling that the ruling of the court denying plaintiff's motion to terminate defendant's visitation rights and overruling plaintiff's request for a new trial is against the manifest weight of the evidence.

The order holding plaintiff guilty of contempt entered March 2, 1964, is addressed to the failure of plaintiff to abide by the trial court's order entered November 27, 1963. As indicated, this order, in addition to refusing plaintiff's motion to terminate defendant's visitation rights, directed the plaintiff then living in Pittsburgh, as follows:

"(a) That the plaintiff be and is hereby ordered to bring the minor child [then about six years of age] of the parties at her [the mother's] expense to 3521 Ingleside, Cleveland, Ohio, and defendant be and is hereby granted the right to visit and have the minor child in his possession in Cuyahoga County, Ohio, on the last Saturday of each month, beginning at 5 :30 p. m. and the minor child shall be and it is hereby ordered that she be returned by the defendant to the plaintiff at 3521 Ingleside, Cleveland, Ohio, on or before 5 :30 p. m. the following day [Sunday] said visitations to commence November 30, 1965."

If the record is correct, it having been approved by counsel in writing, and it might well be, considering the age of the child, the plaintiff could not be in contempt of such order. If 1963 was intended as is set out in paragraph (a) of item 3 on the first page of the journal entry, then the journal must be corrected by a proper proceeding before attempting to enforce its provisions.

Giving further consideration to the order defining defendant's visitation rights entered November 27, 1963, it is clear that it requires the plaintiff at her expense to bring the child to Cleveland for a 24-hour visitation period. The defendant is required to take possession of the child in Cleveland, thus necessitating the plaintiff either remaining in Cleveland overnight or driving over five hundred miles in two days. Such an order is unreasonable and constitutes a clear abuse of discretion and for that reason should not be enforced and must be reversed as ordered by the decision of this court.

In the case of *Elkin* v. *Ehrens*, 43 Misc. 2d 493, 251 N. Y. Supp. 2d 560, the parties were divorced and by a separation agreement it was provided that upon remarriage of the wife which subsequently required her to move her residence to Mexi-

co, the address of her new husband, she would be given the right to take the children of the parties with her. The action reported was to determine the right of the husband to avoid the duty of support because his visitation rights were thus affected. The fifth paragraph of the headnotes provides:

"Under separation agreement, incorporated in divorce decree, requiring husband to make child support payments to wife and providing that in event wife remarried, children might be taken out of state to mother's place of abode, mother's removal to Mexico where she lived with her new husband was not such deprivation of divorced husband's visitation rights as to justify his termination of child support payments or to entitle him to deduct expenses of visiting children in Mexico."

As was suggested in the opinion filed in the decision of this case, the defendant, by his aggressions, caused the separation of the parties and he should not now be permitted to put an unconscionable burden upon his divorced wife to afford him rights in a relationship which his wrongful conduct destroyed. Any extra burden caused by the separation is to be assumed by the defendant.

Coming then to the reduction of support payments. The defendant complains that there is no bill of exceptions to serve as the basis for review of the reduction of such payments from $125 per month, as agreed to in the separation agreement and directed in the divorce decree, to $15 per week as required by revised order of the court of March 2, 1964. The affidavit filed in support of defendant's motion filed January 8, 1964, "to show cause and to terminate and/or reduce support payments for minor child," was directed primarily to the defendant being deprived of his visitation rights. Only the last four lines of a two-page affidavit dealt with support payments. It provides "that this defendant's financial condition has changed since the date of the original order of this court and that he is unable to make the support payments pursuant to said original order." He does not say he is unable to make any contribution to the support of his child. The obligation of support is primarily his. When considering the orders of November 27, 1963, and March 2, 1964, together, it is clear that the wife is required to expend considerable amounts of the $15 a week to afford defendant the right of visitation in the manner as ordered by the court. On

the face of the record, the order reducing support payments close to the zero mark is wrong. We, therefore, reassert the decision heretofore entered.

The defendant's application for reconsideration of the decision is, therefore, overruled.

*Application overruled.*

ARTL and CORRIGAN, JJ., concur.