CULBERSON, APPELLANT, *v.* CULBERSON, APPELLEE.

[Cite as Culberson v. Culberson (1978), 60 Ohio App. 2d 304.]

(No. 356—Decided December 13, 1978.)

*Mr. John C. Holden,* for appellant.
*Mr. J. D. Bryant,* for appellee.

*Per Curiam.* This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Division of Domestic Relations of the Court of Common Pleas of Clinton County, the transcript of the proceedings, the briefs and the arguments of counsel.

Joyce A. Culberson (now Burris), the original plaintiff in the divorce proceeding (hereinafter, the wife), appeals from an order of the Division of Domestic Relations wherein she was found to be in contempt of court for removing the two minor issue of the dissolved marriage from the state. Her former husband, Darrell E. Culberson (hereinafter, the husband), was relieved of his obligation to support the two children, and permanent custody was transferred from the wife to the husband, with a reciprocal change of visitation rights granted.

We find no merit in the first assignment of error wherein appellant claims that the court lacked jurisdiction because service by certified mail to her in Germany was improper. The court had personal jurisdiction over her from the moment she filed her complaint for divorce. Additionally, in the contempt hearing her counsel appeared generally on her behalf without reservation.

The second assignment of error has merit. Therein appellant asserts error by the court in finding her in contempt for taking her children out of the state of Ohio without the permission of either the court or the husband. We sustain her position because she was not accorded an adequate opportunity to defend herself and was held in contempt *in absentia.*

The record discloses that originally the wife was awarded both temporary and permanent custody of the children and that, after several modifications, the husband was granted visitation rights on alternate weekends and on alternate holidays, with transportation at his expense. The wife was not expressly prohibited from taking the children out of the state. The wife moved from Clinton County to Greene County in 1976 or 1977, and then, having married a member of the armed forces, she moved to Germany with the children in the middle of 1977 when her second husband was assigned there. She notified her first husband of this change of address, but she did not obtain an amendment of her husband's visitation rights by agreement or by court order.

She received notice by certified mail received less than 30 days in advance of the hearing on the husband's motion for contempt and change of custody; she did not appear personally, and her counsel duly requested a continuance in order to contact her personally. The court refused a continuance and

proceeded with the determination of the contempt motion on the husband's evidence and no more.

A court may hold a party in contempt who fails or refuses to comply with its orders and may impose such penalties as are reasonable and just. R. C. 2705.02 (A). A violation of visitation orders is punishable by contempt. *Siegle* v. *Siegle* (1974), 69 Ohio Op. 2d 79; *Beach* v. *Beach* (1946), 79 Ohio App. 397. But a divorced wife may well have a defense against the husband's charge of contempt when she has remarried and in good faith moves out of the state with her new husband. *Schwartz* v. *Schwartz* (1964), 1 Ohio App. 2d 451. Appellant's alleged contempt was a civil contempt because it affected the rights of private parties. Appellant was entitled to adequate notice, time to prepare any defense and an opportunity to be heard. These rights are encompassed in the stark wording of R. C. 2705.03, and they are guaranteed by the due process provisions of the United States and the Ohio Constitutions. *In re Green* (1962), 369 U. S. 689; *Simpson* v. *Simpson* (1969), 19 Ohio App. 2d 167. See also annotation, 39 L. Ed. 2d 1031.

The third assignment of error is also well taken; therein, the wife maintains that the order for permanent change of custody was against the manifest weight of the evidence and contrary to law. The only evidence heard by the court, and the only reason given by it for the change of permanent custody, was that the wife had left the country without permission. This may or may not have been contemptuous. But it is not sufficient to support a modification of custody; the children of a dissolved marriage are not pawns whose custody may be used for the punishment of a wrongdoer. R. C. 3109.04 did not permit a modification on any such ground. * Compare *Lenzer* v. *Lenzer* (1962), 115 Ohio App. 442.

We reverse the judgment below and remand this case for further proceedings pursuant to law.

*Judgment reversed.*

KEEFE, P. J., BETTMAN and BLACK, J J., concur.

---

*The provisions of R. C. 3109.04 in effect at the time of the hearing and final order in this appeal are found in Amended House Bill 370, effective August 1, 1975, 136 Ohio Laws 2451.

The provisions of R. C. 3109.04 now in effect were enacted by Senate Bill 135, 137 Ohio Laws _____, effective October 25, 1977.