I concur with the majority's decision in all aspects except for the reasoning on page four implying that the courts continuing jurisdiction had already been invoked by appellant on November 20, 1997 with regard to the contempt motion, as not to require service upon appellant. Due process and the statutory provisions of R.C. 2705.03 require that an individual accused of indirect contempt be given "adequate notice, time to prepare any defense and an opportunity to be heard." SeeJames v. James (Feb. 12, 1996), Butler App. Nos. CA95-08-147 and CA95-09-155, unreported, quoting Culberson v. Culberson
(1978), 60 Ohio App.2d 304, 306. Thus, a contempt filing is a separate proceeding that requires separate proper service upon the accused party due to the possible penalties that may be imposed, which are delineated in the notice to the accused pursuant to R.C. 2705.031. See James, supra (finding that although appellant's attorney had been served with the contempt motion, appellant was denied due process because she was not served with the motion pursuant to R.C. 2705.03).
YOUNG, J., joins in this concurrence.