OPINION
{¶ 1} This case began on November 25, 1996, when appellees, Franklin County Prosecuting Attorney[1] ("the prosecutor"), Jackson Township Board of Trustees ("the board"), and Jackson Township Zoning Administrator, Michael Lilly ("Lilly"), instituted an action in the Franklin County Municipal Court, Environmental Division, pursuant to R.C. 519.24, seeking preliminary and permanent injunctive relief against appellant, Carol A. Wallar, to force appellant to abate ongoing violations of the Jackson Township Zoning Resolution ("the resolution") and of zoning regulations contained in R.C. Chapter 519. The violations were alleged to have been occurring at appellant's property located at 5815 Harrisburg Pike ("the property") in Grove City, Ohio.
 {¶ 2} On December 16, 1996, by agreement of the parties, the trial court adjudged appellant to be in violation of several sections of the resolution, declared the property a nuisance and issued a permanent injunction enjoining appellant from maintaining the property in any manner contrary to the resolution. In July 2002, after notice and a hearing, the court cited appellant for contempt of the permanent injunction. The court's entry provided that if the property was not brought into compliance by August 9, 2002, appellant would be fined $50 per day, commencing on August 10, 2002, until she cured the contempt. Appellant did not appeal that judgment entry.
 {¶ 3} After appellant allegedly continued to maintain her property in violation of the permanent injunction, on October 1, 2003, appellees filed another motion for contempt and sought a judgment in the amount of the total fines that had accrued since August 10, 2002. On October 1, 2003, the court issued an Order to Show Cause ordering appellant to appear at a contempt hearing on October 30, 2003, to be held at her property, 4815 Harrisburg Pike in Grove City. On October 3, 2003, the clerk served appellant with a notice of the October 30, 2003 hearing, but this second notice indicated that the hearing would take place in Judge Hale's courtroom located at 375 South High Street in Columbus.
 {¶ 4} On October 30, 2003, at the appointed time, the trial judge conducted the contempt hearing at appellant's property. Also present were Lilly and special counsel for the prosecutor. The record indicates that appellant was not present. On May 4, 2004, the trial court journalized an entry finding that appellant's property remained in violation of the resolution, and also finding appellant in contempt of the court's permanent injunction. The court granted to the board a judgment against appellant in the amount of $22,300, representing a fine of $50 per day for a total of 446 days of noncompliance. It is from this judgment entry that appellant has appealed.
 {¶ 5} The assignment of error contained in appellant's brief, which was filed pro se, is in a narrative, multi-paragraph form, and inserts matters outside the record. From this we extract one sentence which appears to encapsulate appellant's claimed error:
The entry made on May 4th, 2004 In the Environmental Division of the Franklin County Municipal Court Columbus, Ohio. Is Incorrect. [Sic.]
 {¶ 6} From its context within the entire Statement of Assignments of Error section of appellant's brief, we construe the foregoing broadly worded assignment of error as an assertion that the trial court's finding of contempt and accompanying monetary judgment were against the manifest weight of the evidence and contrary to law. We are unable to review the judgment with regard to the manifest weight of the evidence, however, because the record contains no transcript or other evidence to review. When portions of the transcript necessary for resolution of an assigned error are omitted from the record, this court is unable to evaluate the merits of the assignment of error. Beer v. Beer, 10th Dist. No. 04AP-93, 2004-Ohio-4559, ¶ 8; Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199, 400 N.E.2d 384. Furthermore, "it is well established thatpro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel." Sabouri v. Ohio Dept.of Job Family Servs. (2001), 145 Ohio App. 3d 651, 654,763 N.E.2d 1238.
 {¶ 7} We are able, however, to review appellant's challenge to the trial court's contempt finding on the ground that the same is contrary to law. Due process must be observed in civil contempt proceedings. Turner v. Turner (May 18, 1999), 10th Dist. No. 98AP-999; Courtney v. Courtney (1984),16 Ohio App.3d 329,332,475 N.E.2d 1284; In re Oliver (1948),333 U.S. 257,274-275,68 S.Ct. 499,92 L.Ed. 682. Due process and the statutory provision of R.C. 2705.03 require that an individual accused of indirect contempt be given "adequate notice, time to prepare any defense and an opportunity to be heard." Rose v.Rose (Mar. 31, 1997), 10th Dist. No. 96APF09-1150, 1997 Ohio App. LEXIS 1235, at *8; see, also, Culberson v. Culberson
(1978), 60 Ohio App.2d 304, 306, 397 N.E.2d 1226. More specifically, due process requires that the alleged contemnor have the right to notice of the charges against him or her, a reasonable opportunity to defend against or explain such charges, representation by counsel, and the opportunity to testify and to call other witnesses, either by way of defense or explanation.Courtney, supra, at 332, quoting In re Oliver, supra, at 275.
 {¶ 8} The element of notice for a finding of indirect contempt is a prerequisite for a valid contempt finding. EastCleveland v. Reed (1977), 54 Ohio App.2d 147, 150,376 N.E.2d 973. The notice essential to due process of law is notice that affords "a reasonable opportunity to be heard." New York Cent.R. Co. v. Public Utilities Comm. (1952), 157 Ohio St. 257, 264, 47 O.O. 161, 105 N.E.2d 410. This includes the right to be present at trial,[2] In re Caron (2000),110 Ohio Misc.2d 58,114,744 N.E.2d 787, which right is absolutely guaranteed by the due process provisions of the United States and Ohio Constitutions. Culberson, supra, at 306. Thus, a failure to comply with the procedural mandates of R.C. 2705.03 is prejudicial error.
 {¶ 9} The record in the present case reveals that appellant was served with two separate notices of the contempt hearing, each directing her to a different location. The notice to arrive last in time contained no language advising appellant to disregard previous notices. Upon this record, we find that appellant was not provided the notice mandated by R.C. 2705.03
and was denied due process of law under the United States and Ohio Constitutions.
 {¶ 10} Accordingly, we sustain appellant's sole assignment of error, we reverse the judgment of the Franklin County Municipal Court, Environmental Division, and remand this matter for further proceedings.
Judgment reversed and remanded.
Klatt and Deshler, JJ., concur.
Deshler, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] S. Michael Miller held the office when this case was instituted. The current officeholder is Ron O'Brien, but the caption of the case has never been changed to reflect an official substitution.
[2] An alleged contemnor may waive the right to be present at trial, In re Caron, supra, at 115, but waiver will not be presumed from a silent record. In re East (1995),105 Ohio App.3d 221, 224, 663 N.E.2d 983. Waiver must affirmatively appear on the record. Ibid.