OPINION
{¶ 1} Defendant-appellant, John Poptic, appeals the decision of the Butler County Court of Common Pleas, Domestic Relations Division, finding him in contempt. We reverse the decision of the trial court and remand this matter for further proceedings.
 {¶ 2} The parties divorced in June 2002. In January 2003, appellee filed a motion seeking to have appellant found in contempt for his failure to comply with certain terms of the property division ordered in the divorce decree. After a hearing on the matter, the trial court found appellant in contempt and, in part, ordered appellant to serve 30 days in jail if he failed to comply with the trial court's purge order. In February 2005, appellee filed additional motions with the trial court, including a second contempt motion based on the property division, a motion for contempt for failure to pay child support, and a motion to impose the 30-day jail sentence ordered in the 2003 contempt action.
 {¶ 3} A hearing on the matter was set for April 25, 2005, and appellee attempted to serve appellant at his home in California by certified mail sent February 28, 2005. The mail went unclaimed and was returned to the Butler County Clerk of Courts on April 6, 2005. Appellant was then served by regular U.S. mail postmarked April 12, 2005. Appellant allegedly received the notice on April 19, 2005.
 {¶ 4} On April 24, 2005, appellant traveled to Ohio to attend the hearing on the motions. He appeared at the proceeding unrepresented by counsel and orally requested a continuance so that he could retain an attorney to represent him in the matter. The trial court denied the request, and appellant proceeded pro se. During a recess for lunch, appellant retained counsel. When the hearing resumed, counsel requested a continuance so that he could prepare for the matter, telling the court that he could not effectively represent appellant on such short notice. The trial court denied the request, stating, "the problem is, counsel, the thing's been around a long time." Counsel protested, stating, "I think he really should have a lawyer on this." The trial court agreed, commenting, "so do I." However, the trial court noted that the request should have been made earlier. Counsel then requested, and was granted, leave to withdraw, and appellant again proceeded pro se.
 {¶ 5} Following the hearing, the trial court issued a decision granting appellee's motions, including the contempt motions and the motion to impose the 30-day jail sentence. Imposition of the 30-day sentence was stayed for 90 days to provide appellant with an opportunity to comply with the trial court's order. The trial court imposed a $500 fine and a 60-day jail sentence on the additional contempt motions. No stay was granted with regard to the 60-day sentence. Appellant appeals, raising two assignments of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "DEFENDANT-APPELLANT WAS GIVEN INADEQUATE NOTICE AND TIME TO PREPARE FOR THE HEARING."
 {¶ 8} It is axiomatic that an alleged contemnor must be afforded due process in a civil contempt proceeding. Courtney v.Courtney (1984), 16 Ohio App.3d 329, 332; In re Oliver (1948),333 U.S. 257, 274-275, 68 S.Ct. 499. Due process requirements, together with R.C. 2705.03, require that an individual accused of indirect contempt be given "adequate notice, time to prepare any defense and an opportunity to be heard." State ex rel. Miller v.Waller, Franklin App. No. 04AP574, 2004-Ohio-6612, ¶ 7, quotingRose v. Rose (Mar. 31, 1997), Franklin App. No. 96APF09-1150; see, also, Culberson v. Culberson (1978), 60 Ohio App.2d 304,306. More specifically, due process considerations require that the alleged contemnor "have the right to notice of the charges against him, a reasonable opportunity to defend against or explain such charges, representation by counsel, and the opportunity to testify and to call other witnesses, either by way of defense or explanation." Waller at ¶ 7; Courtney at 275.
 {¶ 9} Reasonable notice "is a prerequisite for a valid contempt finding." Waller at ¶ 7, citing East Cleveland v.Reed (1977), 54 Ohio App.2d 147, 150. The notice required by R.C. 2705.03 and essential to due process of law "is notice that affords `a reasonable opportunity to be heard.'" Id., quotingNew York Cent. R. Co. v. Public Utilities Comm. (1952),157 Ohio St. 257, 264. While there exists no bright line rule regarding the amount of notice that must be provided an alleged contemnor, the notice must be "reasonable" under the circumstances. Id. Generally, less than 30 days notice of an indirect contempt proceeding is not considered reasonable. SeeErven v. Erven (Feb. 11, 1981), Hamilton App. Nos. C-790887 and C8-00024 ("less than 30 days notice [is] inadequate under a fair interpretation of R.C. 2705.03"); Culberson. In the present case, appellant was afforded significantly less notice.
 {¶ 10} Appellee directs our attention to the Second Appellate District's decision in In re Karasek (1997),119 Ohio App.3d 615, which she argues stands for the proposition that as little as six days notice is sufficient in a contempt action. However, appellee fails to note that the Karasek court opined that the alleged contemnor "could have filed a motion for a continuance had she concluded that she needed more time to prepare." This is precisely what appellant did in the present matter. Additionally, while the alleged contemnor in Karasek was initially provided with six days notice, the hearing was in fact held six weeks later when the contemnor failed to appear on the first hearing date, thus affording her ample opportunity to seek counsel and prepare for the hearing. We consequently find appellee's citation to this case unpersuasive.
 {¶ 11} Upon the record before us, we find that appellant was not provided the notice required by R.C. 2705.03 and was denied due process of law. Accordingly, we sustain appellant's first assignment of error.
 {¶ 12} Assignment of Error No. 2:
 {¶ 13} "DEFENDANT-APPELLANT WAS DENIED HIS RIGHT TO OBTAIN COUNSEL AT A HEARING WHERE JAIL TIME COULD BE IMPOSED."
 {¶ 14} With regard to the right to counsel in a civil contempt proceeding, this court has held that "`[a]ctual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment,'" and therefore has become "`the line defining the constitutional right to appointment of counsel.'" Pressler v. Pressler (July 22, 1996), Warren App. No. CA96-030-24, at 5, quoting Scott v. Illinois (1979),440 U.S. 367, 373, 99 S.Ct. 1158, 1162; see Sixth andFourteenth Amendments to the United States Constitution; Section 10, ArticleI of the Ohio Constitution. Such is true whether the action is civil or criminal. Id., citing Lassiter v. Department of SocialServs. (1981), 452 U.S. 18, 27, 101 S.Ct. 2153, 2159.
 {¶ 15} Where incarceration is a possible sanction for indirect contempt, criminal or civil, the accused contemnor generally has the rights of a criminal defendant. See Pressler;Evans v. Evans, Franklin App. No. 03AP-1203AP-80,2003-Ohio-6073; see, e.g., Pirtle v. Pirtle (July 20, 2001), Montgomery App. No. 18613; In re Contemnor Caron (C.P. 2000),110 Ohio Misc.2d 58, 113. For instance, a defendant facing contempt charges with the possibility of a prison sentence being imposed must be informed of the right to counsel. Pressler at 6, citing Schock v. Sheppard (1992), 7 Ohio App.3d 45, 47;Lassiter at 26-27, 101 S.Ct. at 2159. Absent a knowing and intelligent waiver of counsel, the defendant is entitled to counsel, and if indigent, must receive court-appointed counsel at the critical stage of the proceedings or sentence cannot be imposed. Id., citing Schock at 47; see, also, United States v.Wade (1967), 388 U.S. 218, 226, 87 S.Ct. 1926, 1931-32. A critical stage exists when the litigant "could have benefited from the presence of counsel." Id., citing Wade at 227,87 S.Ct. at 1932.
 {¶ 16} We are not persuaded by appellee's contention that appellant faced only the "threat" of imprisonment and consequently had no right to counsel. Appellant faced contempt charges and possible incarceration. Appellant's request that he be afford an opportunity to obtain counsel was denied, and the record does not demonstrate any waiver of his right to counsel. Appellant was in fact sentenced to two separate terms of imprisonment, and could have benefited from counsel at the contempt hearing. Accordingly, appellant's second assignment of error is sustained. The failure of the trial court to afford appellant the right to counsel, and failure to comply with the notice mandate of R.C. 2705.03 requires reversal. AccordPressler; Evans.
 {¶ 17} Judgment reversed and remanded to the trial court for further proceedings according to law and consistent with this opinion.
Young and Bressler, JJ., concur.