[Cite as *Berry v. Berry*, 2013-Ohio-4107.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

CHARLES BERRY,

    PLAINTIFF-APPELLANT,                CASE NO. 8-13-02

    v.

CAROL S. BERRY,                      O P I N I O N

    DEFENDANT-APPELLEE.

Appeal from Logan County Family Court
Domestic Relations Division
Trial Court No. DR11-09-0161

Judgment Affirmed in Part, Reversed in Part and Cause Remanded

Date of Decision:   September 23, 2013

APPEARANCES:

    *Beverly J. Farlow* for Appellant

    *Andrew B. King* for Appellee

Case No. 8-13-02

**WILLAMOWSKI, J.**

{¶1} Plaintiff-Appellant Charles Berry ("Charles") brings this appeal from the judgment of the Logan County Family Court, Domestic Relations Division, granting Defendant-Appellee Carol Berry ("Carol") a divorce and ordering a property settlement. For the reasons set forth below, the judgment is affirmed in part and reversed in part.

{¶2} On October 28, 1999, Charles and Carol were married in Kentucky. No children were born of the marriage. The couple resided in a home owned by Carol prior to the marriage and Carol was working as an RN. The home was located at 4127 County Road 190, Belle Center, Ohio, which is located in Hardin County. She quit her job in 2008 after Charles started receiving settlement payments and the couple lived off of that income. In 2010, Carol and Charles purchased a retirement home in Florida. On September 23, 2011, Charles left the marital home. Charles filed a complaint for divorce in the trial court on September 29, 2011. Carol filed her answer denying the complaint in its entirety on October 27, 2011.[1] On December 23, 2011, Carol filed a counterclaim for a legal separation and requested spousal support. In her counterclaim Carol alleged that she had been a resident of Ohio for more than six months, but made no allegation as to county residency. Carol did not request a divorce. On December

---

[1] Ironically, this basic denial essentially denies correctly that Charles had been a resident of Logan county for 90 days prior to the filing.

23, 2011, the trial court issued an order specifying that Charles would pay Carol temporary spousal support and that they would share the Florida and Ohio properties with each having the right to alternating months at the properties.

{¶3} On July 31, 2012, Charles filed a motion for a continuance claiming that he could not make it to Ohio in time for the August 1, 2012, hearing. The motion to continue was denied. Counsel for Charles then made an oral motion to dismiss the complaint for divorce, which was granted. The trial court conducted a hearing on the counterclaim for a legal separation and spousal support. At the conclusion of the hearing, Carol moved to amend her counterclaim to request a divorce. The motion was granted. Charles appeals from this judgment and raises the following assignments of error.

### First Assignment of Error

**The trial court erred as a matter of law in failing to require a cooling off period of 28 days following [Carol's] amendment of her counterclaim for "Alimony Only" to add a cause of action for divorce.**

### Second Assignment of Error

**The trial court abused its discretion in refusing to grant [Charles'] motion for continuance.**

### Third Assignment of Error

**The trial court committed plain error in finding that the case was properly venued in Logan County, in admitting unsupported evidence as to property value, and in failing to**

**include legal descriptions of real estate in the judgment entry and decree.**

### Fourth Assignment of Error

**The trial court erred as a matter of law in finding that [Carol's] financial accounts were her separate property.**

### Fifth Assignment of Error

**The judgment entry of January 12, 2013 is not a final appealable error.**

### Sixth Assignment of Error

**The court erred as a matter of law in sustaining [Carol's] motion for contempt.**

### Seventh Assignment of Error

**The trial court abused its discretion in its conclusion that it granted a divorce to [Carol] on the grounds of gross neglect of duty and extreme mental cruelty.**

{¶4} Initially we note that Carol has chosen not to file a brief in this case. "If an appellee fails to file the appellee's brief within the time provided by this rule * * *, the appellee will not be heard at oral argument except by permission of the court upon a showing of good cause submitted in writing prior to argument; and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C). Accordingly, we elect

to accept the statement of facts and issues of Charles as correct pursuant to App.R. 18(C).

{¶5} In the first assignment of error, Charles claims that the trial court erred by allowing Carol to orally amend her complaint to request a divorce from a counterclaim for a legal separation and then immediately grant the divorce. At the August 1, 2012, hearing for which Charles was not present, Charles attorney withdrew his contested complaint for divorce and the hearing proceeded solely on Carol's counterclaim. After Carol had testified, her counsel moved that the trial court allow her to amend her complaint to contain a request for a divorce. The motion was granted and the trial court granted the divorce. No notice was given to Charles and he had no opportunity to respond to the amended counterclaim.

> **No action for divorce, annulment, or legal separation may be heard and decided until the expiration of forty-two days after the service of process or twenty-eight days after the last publication of notice or the complaint, and no action for divorce, annulment, or legal separation shall be heard and decided earlier than twenty-eight days after the service of a counterclaim, which under this rule may be designated a cross-complaint, unless the plaintiff files a written waiver of the twenty-eight day period.**

Civ.R. 75(K). Although the counterclaim generally could be amended pursuant to Civ.R. 15, in this case there is a more specific rule that applies because it is a divorce proceeding. Civ.R. 75 specifically provides that there must be a waiting period and that the waiting period can only be waived in writing. The Ohio

Supreme Court has held that all service and process provisions also apply to counterclaims. *Calvert v. Calvert*, 130 Ohio St. 369, 199 N.E. 473 (1936). The waiting period set forth in the civil rules is mandatory and may not be waived absent a written waiver. *See Clark v. Clark*, 5th Dist. Fairfield No. 06 CA 8, 2006-Ohio-2902 (holding that the burden of enforcing the time requirements of the rule falls to the trial court); *Robinette v. Robinette*, 41 Ohio App.3d 25, 534 N.E.2d 386 (5th Dist. 1988) (holding that mandatory provisions of Civ.R. 75 cannot be waived absent a written waiver); *Burger v. Burger*, 11th Dist. Portage No. 93-P-0100, 1994 WL 721842 (Dec. 9, 1994) (holding that provisions of Civ.R. 75 may not be waived); *Klotnik v. Klotnik*, 8th Dist. Cuyahoga No. 35793, 1977 WL 201306 (Apr. 14, 1977); and *Kuebler v. Kuebler*, 12th Dist. Fayette No. CA84-11-013, 1985 WL 8174, (Feb. 19, 1985). Here, Charles did not enter a written waiver and was not even present at the hearing. When Charles chose not to appear at the hearing, he knew his case would be dismissed and that he risked a one sided argument for legal separation and spousal support and an order granting a legal separation and spousal support, as that was the only relief Carol had requested and was the only matter pending. Without a complaint for divorce pending, he had no notice that a divorce would be granted. To proceed with a divorce without giving a party notice would be a violation of due process rights. Thus, Charles' brief appears to

set forth an error, which can be sustained pursuant to App.R. 18(C). The first assignment of error is sustained.

{¶6} Charles claims in the second assignment of error that the trial court abused its discretion in refusing to grant [Charles'] motion for a continuance. The decision to grant or deny a continuance lies within the sound discretion of the trial court. *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981).

> **In evaluating a motion for a continuance, a court should note, inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.**

*Id.* at 67-68. A review of the record in this case indicates that the motion for the continuance was filed the day before the trial. The basis for the motion was that Charles was unable to get to Ohio from Florida. However, the motion did not give any reason why Charles was unable to do so or how long of a delay was requested. The trial court had previously granted one continuance to each of the parties. Based upon the insufficient information the trial court had before it and the proximity of the motion to trial, the trial court did not abuse its discretion in denying the motion for a continuance. The second assignment of error is overruled.

{¶7}  In the third assignment of error, Charles claims that the trial court erred by finding the venue to be proper.

> **The plaintiff in actions for divorce and annulment shall have been a resident of the state at least six months immediately before filing the complaint.  Actions for divorce and annulment shall be brought in the proper county for commencement of action pursuant to the Rules of Civil Procedure.  The court of common pleas shall hear and determine the case, whether the marriage took place, or the cause of divorce or annulment occurred, within or without the state.**
>
> **Actions for legal separation shall be brought in the proper county for commencement of actions pursuant to the Rules of Civil Procedure.**

R.C. 3105.03.

> **(B) Venue; Where proper.   Any action may be venued, commenced, and decided in any court in any county.  * * * Proper venue lies in any one or more of the following counties:**
>
> **(1)   The county in which the defendant resides**
>
> **(2)   The county in which the defendant has his or her principal place of business;**
>
> **(3)   A county in which the defendant conducted activity that gave rise to the claim for relief;**
>
> **\* \* \***
>
> **(9)   In actions for divorce, annulment, or legal separation, in the county in which the plaintiff is and has been a resident for at least ninety days immediately preceding the filing of the complaint[.]**

Civ.R. 3(B). Improper venue is not jurisdictional. Civ.R. 3(G). However, it may be attacked on appeal. Civ.R. 3(G).

{¶8} Here, the original case and the counterclaim were filed in Logan County. However, at the time of the filings, neither party had resided in Logan County for ninety days before the filing of the action. The address where Charles and Carol resided during the marriage was located in Hardin County. See Ex. A, Ex. C. (showing that the deed and certificate of transfer for the home were filed for record in Hardin County, Ohio). At the hearing, Charles withdrew his claim, leaving only Carol's counterclaim remaining. During Carol's testimony she admitted that Charles had not been a resident of Logan County. Tr. 8. At no time did Carol testify that she was a resident of Logan County. Tr. 8. There was no evidence presented that Logan County was the correct venue. Since Charles' brief appears to indicate the venue was improper, the record reveals on its face that the venue was improper and Carol did not file a brief opposing it,[2] pursuant to App.R. 18(C), this court will sustain the third assignment of error based upon this issue. Although the assignment of error claims two additional issues, our disposition of the first assignment of error and the first issue raised in this assignment of error renders the second and third issues raised moot. Therefore, we decline to address those issues further. App.R. 12(A)(1)(c).

---

[2] This court recognizes that there may be a potential waiver argument for this claim, but since there is no appellee brief, we need not address potential responses to the assignment of error.

{¶9}  In the fourth assignment of error, Charles claims that the trial court erred as a matter of law by finding that Carol's financial accounts were her separate property.  Charles claims in the fifth assignment of error that the judgment entry was not a final appealable order.  Since we have previously found error requiring a remand for further proceedings, this assignment of error is rendered moot at this time.  We decline to address those issues further, leaving it for determination by the appropriate trial court at the hearing on the divorce.  App.R. 12(A)(1)(c).

{¶10} Charles argues in the sixth assignment of error that the trial court erred as a matter of law in sustaining Carol's motion for contempt.  Before a judgment of indirect contempt of court in a divorce proceeding will be considered valid, the responding party must have received adequate notice of the hearing on the charge, adequate time to prepare a defense, and an opportunity to be heard.  *Culberson v. Culberson*, 60 Ohio App.2d 304, 397 N.E.2d 1226 (1978).

> **While there exists no bright line rule regarding the amount of notice that must be provided an alleged contemnor, the notice must be "reasonable" under the circumstances. Id. Generally, less than 30 days notice of an indirect contempt proceeding is not considered reasonable. See *Erven v. Erven* (Feb. 11, 1981), Hamilton App. Nos. C-790887 and C-800024 ("less than 30 days notice [is] inadequate under a fair interpretation of R.C. 2705.03")[.]**

*Poptic v. Poptic*, 12th Dist. Butler No. CA2005-06-145, 2006-Ohio-2713, ¶9.

{¶11} Here, Charles claims that the trial court erred by finding him in contempt for two reasons. The first is that he was not properly served. According to the record, Carol filed her motion on July 18, 2012. The certificate of service signed by the attorney indicates that the motion was served personally on Charles by Carol's attorney. Thus, there is more than sufficient proof that Charles was properly served.

{¶12} Charles second reason for claiming the trial court erred was because the hearing was held on August 1, 2012, and the motion for contempt was filed on July 18, 2012. The statute does not set forth a certain amount of time that is necessary to allow the defendant to prepare a defense, thus there is no bright-line rule. R.C. 2705.03. However, courts have held that less than 30 days is generally considered unreasonable. *See Culberson, supra; Poptic, supra;* and *Erven, supra.* In this case, the motion for contempt was filed a mere 14 days before the hearing. This is substantially less than the generally accepted 30 days. Additionally, the trial court did not provide any notice that the motion for contempt would be considered at the scheduled trial. The lack of a brief from Carol prevents any argument as to why this short time should be considered reasonable. Therefore, the sixth assignment of error is sustained.

{¶13} The final assignment of error raises the question as to whether the trial court abused its discretion in granting a divorce to Carol. Having previously

found that the trial court erred in granting the divorce due to the timing, this assignment of error is rendered moot. We decline to address this issue further. App.R. 12(A)(1)(c).

{¶14} The judgment of the Logan County Family Court, Domestic Relations Division, is affirmed in part and reversed in part. The matter is remanded for further proceedings in accord with this opinion, including the determination of proper venue pursuant to R.C. 3105.03 and Civ.R. 3(B).

*Judgment Affirmed in Part,*
*Reversed in Part and*
*Cause Remanded*

**PRESTON, P.J. and SHAW, J., concur.**

**/jlr**