[Cite as *Askin v. Askin*, 2013-Ohio-5606.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Ray W. Askin, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 13AP-404 |
| v. | : | (C.P.C. No. 09DR-11-4411) |
| Linda Askin, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 19, 2013

*David G. Hasselback*, for appellee.

*Linda Askin*, pro se.

APPEAL from the Franklin County Court of Common Pleas
Division of Domestic Relations

DORRIAN, J.

{¶ 1}  Plaintiff-appellee, Ray W. Askin ("appellee"), filed a complaint for divorce from defendant-appellant, Linda Askin ("appellant"), on November 10, 2009.  This has been a long drawn-out case, in large part due to appellant's filing numerous motions and premature appeals.  On August 7, 2012, the trial court issued a "Judgment Entry-Decree of Divorce" ("Decree"), which determined spousal support and addressed some of the issues related to property division.  It deferred, however, and set for subsequent hearing, other issues related to division of property, including division of appellant's State Teacher's Retirement System ("STRS") pension, household goods, and the business, Lindsey Custom Stucco and Cultured Stone LLC ("the business"). Subsequent to the Decree, appellant filed numerous motions. Appellee also filed numerous motions, including:  (1) on December 11, 2012, a motion for contempt against appellant alleging,

she violated the Decree as it related to the court's efforts to divide the STRS pension; (2) on December 11, 2012, a motion for partial relief from judgment of the Decree requesting relief from the court's deferral of property division as it related to the business; (3) on February 13, 2013, a motion for contempt against appellant, alleging she violated the Decree by failing to reimburse appellant for attorney fees in the amount of $7,698 within the 180-day period set by the court; (4) on February 25, 2013, a motion for an award of attorney fees and costs in accordance with Civ.R. 11 and R.C. 2323.51; and (5) on March 22, 2013, a motion that appellant be designated a vexatious litigator in accordance with R.C. 2323.52. On April 9, 2013, the trial court held a hearing on these motions, as well as other motions filed by appellant. Appellee and his counsel were present; appellant was not present.

{¶ 2} On April 18, 2013, the trial court filed a judgment entry and order in which it ruled upon the aforementioned motions of appellees, as follows: (1) the December 11, 2012 motion for contempt was not properly docketed but will come on for hearing the same time as the December 11, 2012 motion for partial relief from judgment; (2) the December 11, 2012 motion for partial relief from judgment is granted in part, and appellee is ordered to schedule a hearing on the issue of the value of the business, at which time the court will consider the evidence so as to issue a distributive order (it does not appear from the docket that, as of May 15, 2013, when appellant filed her notice of appeal, that such hearing had been scheduled or heard); (3) the February 13, 2013 motion for contempt is granted, and appellant may purge herself of contempt by paying appellee $7,698, plus an additional $500 in attorney fees within 60 days (the court did not, however, impose any sanction for failure to purge except to generally caution, in the final paragraph of the order, that continued disregard of the valid orders of the court "will very likely result in a period of incarceration"); (4) the February 25, 2013 motion for an award of attorney fees and costs is granted, and the court awards $500 for attorney fees as the documents filed by appellant in July 2012 were in violation of Civ.R. 11 and R.C. 2323.51 as they served no legitimate purpose, were intended to harass and maliciously injure both appellee and appellee's counsel's reputations, and were not supported by law or fact; and (5) the March 22, 2013 motion that appellant be designated a vexatious litigator is granted, and an additional $500 in attorney fees is awarded.

{¶ 3} On May 15, 2013, appellant timely filed a notice of appeal informing the court that she is appealing the April 18, 2013 judgment entry. She asserts the following nine assignments of error:

> I. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR BY ENFORCING AND EXECUTING ITS JUDGMENT ENTRY-DECREE OF DIVORCE, FILED AUGUST 7, 2012, AS A FINAL APPEALABLE ORDER CONTRARY TO THE SUPREME COURT OF OHIO'S RULING IN *WALKER V. DOUP.*
>
> II. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR BY CONDUCTING A HEARING ON APRIL 9, 2013 WHEN APPELLANT HAD NOT RECEIVED PROPER SERVICE NOR PROPER NOTICE; AND BY FAILING TO CONDUCT SEPARATE HEARINGS FOR CONTEMPT OF COURT AND VEXATIOUS LITIGATOR PROCEEDINGS.
>
> III. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO PERFORM ITS STATUTORY AND OBLIGATORY DUTY TO REQUIRE APPELLEE TO FULLY AND COMPLETELY DISCLOSE APPELLEE'S MARITAL, SEPARATE PROPERTY, AND OTHER ASSETS, DEBTS, INCOMES AND EXPENSES; AND PURSUANT TO R.C. 3105.171(E)(3).
>
> IV. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO PERFORM ITS STATUTORY AND OBLIGATORY DUTY TO ENSURE THE EQUAL DIVISION OF MARITAL PROPERTY; AND PURSUANT TO R.C. 3105.171(C)(1).
>
> V. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO PERFORM ITS STATUTORY AND OBLIGATORY DUTY TO ENSURE THAT APPELLANT'S SEPARATE PROPERTY WAS RETURNED TO APPELLANT; AND PURSUANT TO R.C. 3105.171(4)(D).
>
> VI. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO PERFORM ITS STATUTORY AND OBLIGATORY DUTY TO DETERMINE WHETHER APPELLEE ENGAGED IN

FINANCIAL MISCONDUCT; AND PURSUANT TO R.C. 3105.171(E)(4) AND (E)(5).

VII. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO PERFORM ITS STATUTORY AND OBLIGATORY DUTY TO AWARD APPELLANT A DISTRIBUTIVE AWARD AND SPOUSAL SUPPORT; AND PURSUANT TO R.C. 3105.171(E)(2), (E)(4), (E)(5).

VIII. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT, ABUSED ITS DISCRETION, AND RENDERED DECISIONS AGAINST THE MANIFEST WEIGHT OF EVIDENCE IN DETERMINING THE PARTIES' EQUITABLE DIVISION OF MARITAL AND SEPARATE PROPERTY, DISTRIBUTIVE AWARD, AND SPOUSAL SUPPORT.

IX. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT, ABUSED ITS DISCRETION, AND RENDERED AWARDS OF APPELLEE'S ATTORNEY'S FEES WHICH ARE UNWARRANTED BASED ON APPELLEE'S AND COUNSEL'S CONTUMACIOUS CONDUCT, FAILURE TO PROSECUTE, AND FINANCIAL MISCONDUCT.

{¶ 4} In her first assignment of error, appellant alleges that the trial court erred in designating the Decree as a final, appealable order. She argues that the judgment entry does not become final and appealable until the findings of facts and conclusions of law are filed by the trial court. On September 20, 2012, this court, in a journal entry of dismissal, determined that appellant's appeal of the Decree was premature, as appellant's motion for new trial was still pending in the trial court. We also note that neither the trial court, nor this court, has granted a stay of the Decree. Furthermore, to the extent the first assignment of error asserts the trial court erred on January 14, 2013 in denying appellant's August 15, 2012 motion for findings of fact and conclusions of law, we decline to address the merits of such an argument. The January 14, 2013 entry is not before this court, as appellant only identified the April 18, 2013 entry in her notice of appeal.

{¶ 5} Accordingly, we find appellant's first assignment of error to be moot.

{¶ 6} We also decline to address the merits of appellant's third, fourth, fifth, sixth, seventh, and eighth assignments of error as they assert that the trial court erred in

deciding the Decree. The Decree is not before this court, as appellant only identified the April 18, 2013 entry in her notice of appeal.

{¶ 7} Accordingly, we overrule appellant's third, fourth, fifth, sixth, seventh, and eighth assignments of error.

{¶ 8} Appellant argues in her ninth assignment of error that the trial court erred in awarding attorney fees related to appellee's motions for contempt and vexatious litigator status because it held a hearing on appellee's motions without providing proper notice to appellant of the hearing and without holding a separate hearing on the motion for vexatious litigator status. Whether the trial court erred as alleged in the ninth assignment of error turns on whether the trial court erred as alleged in the second assignment of error. Since we find that the trial court erred as alleged in the second assignment of error, we therefore find that the trial court erred as alleged in the ninth assignment of error.

{¶ 9} In her second assignment of error, appellant first alleges that she was not properly served notice of the April 9, 2013 hearing. She alleges that the court's attempts to serve her via certified mail failed. She also notes that she was served by ordinary mail but only shortly before the April 9, 2013 hearing. Appellee argues that appellant was served as evidenced by her acknowledgment of the hearing and show-cause order in a motion she filed in this court on March 27, 2013 in a separate appeal, case No. 12AP-1068. He argues that appellant chose not to appear at the April 9, 2013 hearing and, thus, if there was error, it was invited.

{¶ 10} R.C. 2705.03 requires that a contempt charge in writing "shall be filed with the clerk of the court, an entry thereof made upon the journal, and an opportunity given to the accused to be heard, by himself or counsel." R.C. 2705.05(A) requires that, "[i]n all contempt proceedings, the court shall conduct a hearing. At the hearing, the court shall investigate the charge and hear any answer or testimony that the accused makes or offers and shall determine whether the accused is guilty of the contempt charge." "It is axiomatic that an alleged contemnor must be afforded due process in a civil contempt proceeding." (Citations omitted.) *Poptic v. Poptic*, 12th Dist. No. CA2005-06-145, 2006-Ohio-2713. Due process requirements, together with R.C. 2705.03, require that an individual accused of indirect contempt be given " 'adequate notice, time to prepare any defense and an

opportunity to be heard.' " *Id.*, citing *State ex rel. Miller v. Waller,* 10th Dist. No. 04AP-574, 2004-Ohio-6612, ¶ 7, quoting *Rose v.* Rose, 10th Dist. No. 96APF09-1150; *see also Culberson v. Culberson*, 60 Ohio App.2d 304, 306 (1st Dist.1978).

{¶ 11} We have carefully reviewed the record before us and do not find that appellant was served with adequate notice or given time to prepare a defense. The record reveals numerous failed attempts at service via certified mail. It also reveals efforts by appellee to serve appellant via process server on March 26, 2013. This request, however, identifies numerous documents to be served including: motion and exhibits filed March 22, 2013, motion for attorney fees filed February 25, 2013, motion for Civ.R. 60(B) relief filed December 11, 2012, motion for appointment of receiver filed December 11, 2012, summons and order to appear filed March 8, 2013, notice of hearing filed March 7, 2013, and a motion for contempt filed December 11, 2012. The motion for contempt filed February 13, 2013 is not identified. Furthermore, the summons and order to appear filed March 8, 2013 orders appellant to appear "to show cause why [she] should not be found in contempt for failure to obey a prior court order for support, visitation, or any other matter alleged herein." There is no attachment or other indication that the allegations of contempt filed February 13, 2013 were "alleged herein." We find, therefore, that the trial court erred in not properly serving appellant notice of the April 9, 2013 hearing on appellee's motion for contempt filed February 13, 2013.

{¶ 12} In her second assignment of error, appellant also alleges that the trial court erred in deciding appellee's motion for vexatious litigator status at the same April 9, 2013 hearing when the motion for contempt was heard. Preliminarily, we address appellant's motion "For Leave and Petition for Definite Statement, Instanter, Whether the Lower Court's Judgment Entry and Order, filed April 18, 2013, is a Final Appealable Order" filed in this court on September 30, 2013. This court has recently determined that an order declaring an individual to be a vexatious litigator is a final order under R.C. 2505.02(B)(4). R.C. 2505.02(A)(3) defines a "provisional remedy" as a "proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, [or] suppression of evidence." Furthermore, because a vexatious litigator order concerns a provisional remedy, Civ.R. 54(B) is inapplicable. *Whipps v. Ryan*, 10th Dist. No. 12AP-685, 2013-Ohio-4382.

Accordingly, in this regard, the April 18, 2013 entry is a final, appealable order and, therefore, appellant's motion is moot.

{¶ 13} On March 22, 2013, appellee filed a motion asking the court to declare appellant a vexatious litigator. R.C. 2323.52, the vexatious litigator statute, provides in pertinent part, as follows:

> (B) A person * * * who has defended against habitual and persistent vexatious conduct in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court *may commence a civil action* in a court of common pleas with jurisdiction over the person who allegedly engaged in the habitual and persistent vexatious conduct to have that person declared a vexatious litigator. The person * * * may commence this civil action while the civil action or actions in which the habitual and persistent vexatious conduct occurred are still pending or within one year after the termination of the civil action or actions in which the habitual and persistent vexatious conduct occurred.
>
> (C) A civil action to have a person declared a vexatious litigator shall proceed as any other civil action, and the Ohio Rules of Civil Procedure apply to the action.

(Emphasis added.)

{¶ 14} In *Kinstle v. Union Cty. Sheriff's Office*, 3d Dist. No. 14-07-16, 2007-Ohio-6024, ¶ 10, the court held that R.C. 2323.52 "unambiguously requires the commencement of a 'civil action,' and * * * a motion is not the equivalent of a complaint." "[F]iling a *motion* in a pending cause of action is not the equivalent of 'commencing a civil action' as intended by both R.C. 2323.52 and Civ.R. 3." (Emphasis sic.) *Id.* at ¶ 9. We followed this precedent in *Whipps* by finding that a trial court erred in granting a motion to declare defendant Ryan a vexatious litigator. We noted in our decision that "R.C. 2323.52 unambiguously requires a party to commence a civil action, by filing a complaint, to have the trial court declare a person a vexatious litigator * * * [and] [t]he filing of a motion in a pending case does not satisfy the requirements of R.C. 2323.52." *Id.* at ¶ 22.

{¶ 15} For these same reasons, we find that the trial court erred in considering and granting appellee's motion that appellant be designated a vexatious litigator, which was filed and heard in the context of this pending case.

{¶ 16} Accordingly, we sustain appellant's second assignment of error both as it relates to the trial court's granting of the motion for contempt filed February 13, 2013, and the motion that appellant be designated a vexatious litigator filed March 22, 2013.

{¶ 17} As noted above, because we find the trial court erred as alleged in the second assignment of error, we likewise find the trial court erred as alleged in the ninth assignment of error in awarding attorney fees for contempt and for being a vexatious litigator.

{¶ 18} Accordingly, we sustain appellant's ninth assignment of error.

{¶ 19} For the foregoing reasons, we find appellant's first assignment of error to be moot. We sustain the second and ninth assignments of error and overrule appellant's third, fourth, fifth, sixth, seventh, and eighth assignments of error. The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed in part and reversed in part. The April 18, 2013 judgment entry and order is vacated in part to the extent it granted appellee's February 13, 2013 motion for contempt, designated appellant a vexatious litigator, and awarded attorney fees for the same. This case is remanded to that court with instructions to: (1) serve appellant with proper notice of a hearing to be held on appellee's February 13, 2013 motion for contempt; (2) hold a hearing on the February 13, 2013 motion for contempt; and (3) dismiss appellee's March 22, 2013 motion that appellant be designated a vexatious litigator.

*Judgment affirmed in part, reversed in part, and cause remanded with instructions.*

.

TYACK and T. BRYANT, JJ.

T. BRYANT, J., retired, of the Third Appellate District, assigned to active duty under the authority of the Ohio Constitution, Article IV, Section 6(C).

_____