[Cite as *Goffstein v. Goffstein*, 2014-Ohio-5060.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| JULIE B. GOFFSTEIN, | : | APPEAL NO. C-140010 |
| | | TRIAL NO. DR-1001501 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| PETER M. GOFFSTEIN, | : | |
| Defendant. | : | |

Appeal From: Hamilton County Court of Common Pleas, Domestic Relations Division

Judgment Appealed From Is: Affirmed in Part, Vacated in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  November 14, 2014

*Timothy J. Bicknell,* for Plaintiff-Appellant.

 Please note: this case has been removed from the accelerated calendar.

**HILDEBRANDT, Presiding Judge.**

{¶1}    Plaintiff-appellant Julie B. Goffstein appeals the judgment of the Hamilton County Court of Common Pleas, Domestic Relations Division, finding her to be in contempt of court in a divorce action.

### The Motion for Contempt

{¶2}    Pursuant to orders of the trial court, Mrs. Goffstein was required to permit defendant Peter M. Goffstein visitation with their minor children and to provide for their education.  Mr. Goffstein filed a motion for contempt, alleging, among other things, that Mrs. Goffstein had interfered with his custodial rights by violating the visitation order and by failing to enroll one of the children in school.

{¶3}    Hearings were conducted on July 29, 2013, and December 9, 2013.  At the December hearing, Mrs. Goffstein conceded that she had not complied with the court's visitation order as it related to one of the children and that she had not enrolled one of the other children in school as required by the court.  The court imposed nine days of incarceration for each of the two violations.  But the trial court held that Mrs. Goffstein could purge the contempt by providing compensatory visitation time and by enrolling the child in school.  The sentences and purge conditions were journalized in an entry filed December 10, 2013.

{¶4}    On December 17, 2013, without further hearing on the matter, the trial court journalized an entry captioned "Amended Entry to the Entry of 12-10-2013-Nunc Pro Tunc to 12-10-2013."  In the purported nunc pro tunc entry, the court imposed additional conditions for Mrs. Goffstein to purge the contempt and avoid jail time.  Of particular concern here, the court required Mrs. Goffstein to pay Mr. Goffstein's attorney fees in the amount of $2,462.50, and to pay a fine of $250.

## Contempt and Due Process

{¶5} We begin with Mrs. Goffstein's second assignment of error, in which she contends that the trial court violated her due-process rights in the manner in which it conducted the contempt hearing.

{¶6} An alleged contemnor must be afforded due process in a civil-contempt hearing. *See, e.g., Askin v. Askin,* 10th Dist. Franklin No. 13AP-404, 2013-Ohio-5606, ¶ 10. Due-process requirements, as well as R.C. 2705.03, mandate that a person accused of indirect contempt be given adequate notice, an opportunity to prepare a defense, and an opportunity to be heard. *Id.; Culberson v. Culberson,* 60 Ohio App.2d 304, 306, 397 N.E.2d 1226 (1st Dist.1978). But a trial court's decision finding a party to be in contempt will not be reversed absent an abuse of discretion. *Wolf v. Wolf,* 1st Dist. Hamilton No. C-090587, 2010-Ohio-2762, ¶ 4.

{¶7} Mrs. Goffstein first argues that the court erred in basing its contempt finding on the representations of Mr. Goffstein's attorney. We find no merit in this argument. Mrs. Goffstein herself, on the record and under oath, conceded that she had not complied with the trial court's orders to provide visitation and to enroll the child in school. We find no abuse of discretion in the court's acceptance of Mrs. Goffstein's admission that she was in contempt.

{¶8} Mrs. Goffstein also argues that the trial court did not permit her to present a defense to the contempt allegations or to cross-examine Mr. Goffstein about the allegations. We are not persuaded. As we have already noted, Mrs. Goffstein admitted that she was in contempt of the court orders. She has not demonstrated that any defect in the hearing violated her due-process rights or resulted in material prejudice.

{¶9} Finally, Mrs. Goffstein argues that she was not given the opportunity to demonstrate that she was financially unable to comply with the trial court's orders. We find no merit in this argument. At the hearing before the trial court, Mrs. Goffstein attempted to adduce evidence concerning her ability to meet the financial obligations imposed by the court's orders. The court declined to entertain such evidence, stating on the record that it was confining its judgment to issues that were unrelated to Mrs. Goffstein's financial situation. As the court stated "[s]he's being incarcerated because of the failure to provide the * * * compensatory parenting time * * *." Thus, the trial court did not abuse its discretion in limiting the evidence.

{¶10} Finding no error in the trial court's original entry filed December 10, 2013, we overrule the second assignment of error.

### The Nunc Pro Tunc Entry

{¶11} In her first assignment of error, Mrs. Goffstein argues that the trial court erred in amending its entry nunc pro tunc to provide additional purge conditions.

{¶12} "Nunc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might have decided or what the court intended to decide." *Miller v. Watkins,* 1st Dist. Hamilton No. C-030065, 2004-Ohio-3132, ¶ 7, quoting *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 656 N.E.2d 1288 (1995). When a nunc pro tunc entry reflects a substantive change in the judgment, it is inappropriate. *Miller* at ¶ 8.

{¶13} In this case, the nunc pro tunc entry was improper. In the later entry, the trial court added numerous substantive purge conditions, including the requirement that Mrs. Goffstein pay a $250 fine and that she pay Mr. Goffstein's attorney fees in the amount of $2,462.50. And these provisions were added after the

trial court, at the hearing conducted on December 9, 2013, had explicitly stated that it was imposing jail time only with respect to the custodial issues. Thus, the nunc pro tunc entry went far beyond what the court actually decided on the date of the original entry, and it deprived Mrs. Goffstein of the opportunity to challenge the additional terms. We sustain the first assignment of error.

## Conclusion

{¶14}  We affirm the judgment of the trial court as contained in the entry journalized December 10, 2013. We vacate the nunc pro tunc entry and remand the cause for further proceedings.

Judgment accordingly.

**DINKELACKER** and **DEWINE, JJ.,** concur.

Please note:
    The court has recorded its own entry this date.