[Cite as *D.C. v. M.M.*, 2021-Ohio-3851.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY


D.C.                                                    Court of Appeals No.  H-21-004

      Appellee                              Trial Court No.  CIV 2015 00034

v.

M.M.                                                   **DECISION AND JUDGMENT**

      Appellant                             Decided:  October 29, 2021

* * * * *

Michele A. Smith, for appellee.

Kenneth R. Bailey and Danielle Kulik, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, M.M., appeals the February 3, 2021 judgment of the Huron County Court of Common Pleas, Juvenile Division, which terminated the parties' shared parenting plan, awarded residential custody to appellee, D.C., and found appellant in contempt.  For the reasons set forth herein, we affirm the juvenile court's judgment.

**Facts and Procedural Background**

{¶ 2} In 2013, A.C. was born to unwed parents, mother-appellant, M.M., and father-appellee, D.C. In 2015, a shared custody plan was implemented between the parties and provided that each be designated residential parent and that custody be on alternating full weeks from Sunday to Sunday.

{¶ 3} On April 28, 2016, appellee filed a motion to show cause. On May 25, 2016, appellant filed a motion to modify parenting time. On September 13, 2016, a consent judgment entry was filed and the motions were dismissed. The shared parenting order was continued.

{¶ 4} Nearly four years later, on July 27, 2020, appellant filed a motion for change of parental rights and responsibilities requesting that the shared parenting plan be terminated and that she be named residential parent and legal custodian. Appellant claimed that shared parenting was no longer in A.C.'s best interests due to the parties' continuing disagreements over parenting time, appellee's alcohol use, appellee's inability to adhere to the parenting plan due to his not having a valid driver's license, and appellant's May 20, 2020 act of withholding appellee's weekly parenting time.

{¶ 5} On August 21, 2020, appellee filed a motion for contempt alleging that appellant failed to inform him of, and allow A.C. to attend, a father-daughter dance, that appellant withheld parenting time, and that she fails to communicate regarding significant matters pertaining to A.C.

2.

{¶ 6} A hearing on the motions was held on January 13, 2021. Appellant and appellee testified as well as appellant's father and appellee's cousin. The focus of the testimony centered on the parties' disagreements regarding A.C.'s school performance and related attention issues and treatment options and appellee's past and perceived current alcohol misuse and resulting driver's license suspension.

{¶ 7} In the trial court's February 3, 2021 judgment entry, the court, after summarizing the evidence presented during the hearing, concluded that shared parenting was no longer in A.C.'s best interests. Reaching its decision, the court reviewed the factors under R.C. 3109.04. The court first found that the parties lacked the ability to cooperate and make joint decisions, R.C. 3109.04(F)(2)(a), and further determined that appellant failed to encourage the sharing of love and affection between appellee and A.C., R.C. 3109.04(F)(2)(b). The court then reviewed the factors under R.C. 3109.04(F)(1), as if no prior shared parenting plan had existed. R.C. 3109.04(E)(2)(d). The court found that appellee had faithfully followed the shared parenting plan "even when he believed that to do so would be unjust or unfair." As to appellant, the court stated that she unilaterally decided to deny appellee his court-ordered visitation in May 2020, based on her belief that appellee had been drinking and driving; a claim that appellee denied. The court then found that appellee would be more likely to honor and facilitate parenting time. R.C. 3109.04(F)(1)(f). The court ordered that appellee be

3.

residential parent and legal custodian and granted appellant parenting time by continuing the alternating, Sunday to Sunday weekly parenting schedule.

{¶ 8} The court further found that appellant was in contempt of court for failing to comply with the shared parenting plan and awarded appellee a compensatory additional week of parenting time. Appellant was ordered to pay appellee's attorney fees and the costs relating to the contempt prosecution. This appeal followed.

## Assignments of Error

1. The trial court erred in evaluating the facts admitted into evidence, pursuant to R.C. 3109.04.

2. The trial court abused its discretion in failing to provide purge conditions for contempt and punishing contempt by terminating the shared parenting plan.

## Analysis

{¶ 9} Appellant's first assignment of error challenges the court's decision to name appellee A.C.'s residential parent and legal custodian. This court reviews a trial court's conclusion regarding whether a change in custody is in a child's best interests for an abuse of discretion. *Jones v. Jones*, 6th Dist. Lucas No. L-10-1044, 2012-Ohio- 2225, ¶ 13, citing *Sayre v. Hoelzle-Sayre*, 100 Ohio App.3d 203, 210, 653 N.E.2d 712 (3d Dist.1994).

4.

{¶ 10} Relevant under the present facts:

(c) The court may terminate a prior final shared parenting decree that includes a shared parenting plan approved under division (D)(1)(a)(i) of this section upon the request of one or both of the parents or whenever it determines that shared parenting is not in the best interest of the children. The court may terminate a prior final shared parenting decree that includes a shared parenting plan approved under division (D)(1)(a)(ii) or (iii) of this section if it determines, upon its own motion or upon the request of one or both parents, that shared parenting is not in the best interest of the children. If modification of the terms of the plan for shared parenting approved by the court and incorporated by it into the final shared parenting decree is attempted under division (E)(2)(a) of this section and the court rejects the modifications, it may terminate the final shared parenting decree if it determines that shared parenting is not in the best interest of the children.

(d) Upon the termination of a prior final shared parenting decree under division (E)(2)(c) of this section, the court shall proceed and issue a modified decree for the allocation of parental rights and responsibilities for the care of the children under the standards applicable under divisions (A), (B), and (C) of this section as if no decree for shared parenting had been granted and as if no request for shared parenting ever had been made.

R.C. 3109.04(E)(2).

{¶ 11} In determining whether to terminate a shared parenting decree, a court is required to determine the best interest of the child as provided in R.C. 3109.04(F):

(1) In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:

(a) The wishes of the child's parents regarding the child's care;

(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;

(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;

(d) The child's adjustment to the child's home, school, and community;

(e) The mental and physical health of all persons involved in the situation;

(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;

(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;

(h) Whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code or a sexually oriented offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject

of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;

(i)Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;

(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.

(2) In determining whether shared parenting is in the best interest of the children, the court shall consider all relevant factors, including, but not limited to, the factors enumerated in division (F)(1) of this section, the factors enumerated in section 3119.23 of the Revised Code, and all of the following factors:

(a) The ability of the parents to cooperate and make decisions jointly, with respect to the children;

(b) The ability of each parent to encourage the sharing of love, affection, and contact between the child and the other parent;

(c) Any history of, or potential for, child abuse, spouse abuse, other domestic violence, or parental kidnapping by either parent;

(d) The geographic proximity of the parents to each other, as the proximity relates to the practical considerations of shared parenting;

(e) The recommendation of the guardian ad litem of the child, if the child has a guardian ad litem.

{¶ 12} As set forth above, in terminating the shared parenting plan the trial court specifically found that the parties were not able to communicate, cooperate, or make joint decisions. R.C. 3109.04(F)(2)(a). The court then considered the factors under R.C. 3109.04(F)(1) in finding that appellee would be more likely to facilitate court-appointed parenting time; the court noted appellant's failure to comply with the court's parenting order. R.C. 3109.04(F)(1)(f). The court then concluded that it would be in A.C.'s best interests to have appellee named residential parent and legal custodian.

{¶ 13} Appellant's chief argument, is that the court gave too much weight to the fact that appellant withheld visitation for a week due to her belief that appellee had been drinking and driving with A.C. in his vehicle. Appellant contends that, had she been afforded purge conditions, as will be further discussed below, the trial court may have found sufficient evidence to make an alternate determination. Appellant further argues that the court improperly considered R.C. 3109.04(F)(1)(i), in that she did not "continuously and willfully" deny appellee parenting time.

9.

**{¶ 14}** The trial court's judgment entry relevantly found:

6. <u>The parent to more likely to honor and facilitate court-approved parenting time rights</u>. Mr. [C.] has faithfully honored the parenting time schedule approved by the Court in the 2015 shared parenting decree, even when he believed that to do so would be unjust or unfair. * * *. Although compliant for a majority of the time since the initiation of the shared parenting plan, Ms. [M.] unilaterally decided to prevent Mr. [C.] from exercising his court-ordered parenting time in May 2020. * * *.

　　* * *

9. <u>The parent more likely to honor and facilitate court-appointed parenting time rights or visitation and companionship rights</u>. As set forth in Paragraph 6, Mr. [C.] has demonstrated an ability to honor and facilitate Ms. [M.]'s parenting time, even when he believes it to be unjust or unfair. Ms. [M.], on the other hand, will be found in contempt for her interference with Mr. [C.]'s mandated parenting time in May 2020.

10. <u>Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court.</u> As described in detail in Paragraph 6, Ms. [M.] willfully denied Mr. [C.]'s right to parenting time in accordance with an order of the court for one

week in May 2020.  There is no evidence, however, that she has continued to interfere with his parenting time, and the parties have since observed the parenting time schedule set forth in their shared parenting plan.

{¶ 15} The trial court's numbered paragraphs generally follow the statutory language of R.C. 3109.04(F)(1).  Most notably, under paragraph 10, the trial court properly considered R.C. 3109.04(F)(1)(i), and concluded that appellant had *willfully*— but not *continuously*—denied appellee's right to parenting time.  Appellant implies that the trial court was required to find that appellant had "continuously *and* willfully" denied appellee parenting time before terminating the shared parenting plan.  That is incorrect. When determining whether shared parenting is in the child's best interest under R.C. 3109.04(F)(2), the trial court was required to "consider" all relevant factors, including but not limited to the factors of R.C. 3109.04(F)(1).  That is exactly what the trial court did.

{¶ 16} After careful review of the proceedings below, we cannot find that the trial court abused its discretion in terminating the shared parenting plan and awarding legal custody to appellee.  Importantly, the trial court had the advantage of observing and assessing the credibility of the parties.  Thus, appellant's first assignment of error is not well-taken.

{¶ 17} In her second assignment of error, appellant argues that the trial court erred by finding her in contempt of the shared parenting order without affording purge

11.

conditions. Appellant also claims that she was "punished" for the contempt by the court's termination of the shared parenting plan.

{¶ 18} A court's finding that a party is in contempt of a shared parenting order is reviewed under an abuse of discretion standard. *In re M.O.E.W.*, 6th Dist. Ottawa No. OT-18-030, 2019-Ohio-5364, ¶ 9, citing *State ex rel. Cincinnati Enquirer v. Hunter*, 138 Ohio St.3d 51, 2013-Ohio-5614, 3 N.E.3d 179, ¶ 21. Generally, a civil contemptor must be provided the opportunity to purge the contempt. *Id.* at ¶ 14.

{¶ 19} Where a party fails to comply with a parenting time order, the following also applies:

If any person is found in contempt of court for failing to comply with or interfering with any order or decree granting parenting time rights issued pursuant to this section or section 3109.12 of the Revised Code or companionship or visitation rights issued pursuant to this section, section 3109.11 or 3109.12 of the Revised Code, or any other provision of the Revised Code, the court that makes the finding, in addition to any other penalty or remedy imposed, shall assess all court costs arising out of the contempt proceeding against the person and require the person to pay any reasonable attorney's fees of any adverse party, as determined by the court, that arose in relation to the act of contempt, and may award reasonable compensatory parenting time or visitation to the person whose right of

12.

parenting time or visitation was affected by the failure or interference if such compensatory parenting time or visitation is in the best interest of the child. Any compensatory parenting time or visitation awarded under this division shall be included in an order issued by the court and, to the extent possible, shall be governed by the same terms and conditions as was the parenting time or visitation that was affected by the failure or interference.

R.C. 3109.051(K).

{¶ 20} Under the clear language of the above-quoted statute, the trial court was required to assess attorney fees and costs related to the prosecution of the contempt action to appellant; thus, the court did not err in failing to provide appellant the opportunity to purge such fees and costs. *See. Patterson v. Patterson*, 5th Dist. Stark No. 2002CA00167, 2003-Ohio-517, ¶ 15; *Hart v. Spenceley*, 12th Dist. Butler No. CA2011-08-165, 2013-Ohio-653. ¶ 21. Further, the award of compensatory parenting time is similarly provided for in the statute and was within the court's inherent authority. The award did not require purge conditions. *See Rapp v. Pride*, 12th Dist. Butler No. CA2009-12-311, 2010-Ohio-3138, ¶ 22-27. Purge conditions are generally offered in instances where additional sanctions are imposed. *See Goffstein v. Goffstein*, 1st Dist. Hamilton No. C-140010, 2014-Ohio-5060 (compensatory visitation as part of conditions purging a nine-day incarceration order); *Canty v. Canty*, 10th Dist. Franklin No. 92AP-

13.

664, 1992 WL 344969, *1 (compensatory visitation ordered in lieu of a ten-day incarceration order).

{¶ 21} We fail to see, and appellant does not explain, by what means she would have purged herself of her failure to comply with the court-ordered shared parenting plan. We further dismiss appellant's assertion that the shared parenting plan was terminated as a result of the contempt finding. Accordingly, we find that the trial court did not abuse its discretion when it found appellant in contempt of the shared parenting plan and ordered compensatory visitation and the payment of fees and costs without providing purge conditions. Appellant's second assignment of error is not well-taken.

**Conclusion**

{¶ 22} Based on the foregoing, we affirm the February 3, 2021 judgment of the Huron Country Court of Common Pleas, Juvenile Division. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.