[Cite as *Ayers v. Ayers*, 2022-Ohio-403.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

Deborah Ayers

 Appellee

v.

David Ayers

 Appellant

Court of Appeals No. WD-21-010

Trial Court No. 2019 DR 0090

**<u>DECISION AND JUDGMENT</u>**

Decided: February 11, 2022

* * * * *

Elizabeth B. Bostdorff, for appellee.

Karin L. Coble, for appellant.

* * * * *

**OSOWIK, J.**

**{¶ 1}** This is an appeal from a judgment of the Wood County Court of Common Pleas, Domestic Relations Division, which granted the parties a divorce, divided marital property, allocated parental rights and responsibilities for their three minor children, and determined child and spousal support obligations between the parties. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} On July 8, 2019, appellee, Deborah Ayers, filed a complaint for divorce against appellant, David Ayers, alleging, among other matters, incompatibility. The parties were married on July 1, 2006, and had three children together. Appellant answered and counterclaimed for incompatibility. As journalized on July 24, 2019, the trial court issued temporary orders that named appellee the residential parent of the three minor children and specified a minimum schedule for appellant's parenting time. During the course of the ensuing divorce proceedings, appellant filed a motion for shared parenting with a proposed shared parenting plan, and appellee filed a motion for adoption of a parenting plan with a proposed parenting plan. Each party opposed the other's motion.

{¶ 3} The final divorce hearing was held over three days on August 17, September 16, and October 5, 2020. On January 22, 2021, the trial court journalized a judgment entry decree of divorce, which terminated the marriage, and determined, among other matters, allocation of parental rights and responsibilities and child support.

{¶ 4} Appellant appealed and sets forth four assignments of error:

1. The trial court erred in not granting appellant's motion for shared parenting.

2. The trial court erred in imputing income to appellant for child support purposes, or giving him a deviation, while finding that he was involuntarily unemployed.

2.

3.  The trial court erred in using an inaccurate Auditor's appraisal for real property that resulted in an unequal distribution of assets.

4.  The trial court erred in ordering appellant to pay 50% of his gross bonus for 2019 to appellee, instead of the net amount.

## I.  Allocation of Parental Rights and Responsibilities

{¶ 5} After the three-day final divorce hearing, on December 20, 2020, the trial court issued an order containing a detailed allocation of parental rights and responsibilities in response to appellant's motion for shared parenting, which it denied. To determine the best interests of the children pursuant to R.C. 3109.04(D)(1)(a)(iii), the trial court considered all relevant factors, including reviewing the mandatory factors under R.C. 3109.04(F).[1]  The trial court concluded that appellant's shared parenting plan was not in the best interests of the children, and pursuant to R.C. 3109.04(A)(1), designated appellee as the residential parent, legal custodian, and public benefits recipient of the three children and allocated between the parties the other rights and responsibilities for the care of the children, including child support and appellant's right, as the non-residential parent, to have continuing contact with the children.  The trial court then journalized its final entry of divorce on January 22, 2021, incorporating a written parenting plan which reflects a 23-part allocation of parental rights and responsibilities between the parties.

---

[1] A scrivener error in the trial court order incorrectly referenced R.C. 3109.04(D).

3.

**{¶ 6}** Appellant argues in support of his first assignment of error that the trial court erred for three reasons: first, his motion for shared parenting complied with R.C. 3109.04(G); second, the trial court failed to first determine in the record that appellant's proposed shared parenting plan was not in the best interests of the children pursuant to R.C. 3109.04(D)(1)(a)(iii); and third, five of the trial court's findings of fact were against the weight of the evidence.

**{¶ 7}** "When a court designates a residential parent and legal custodian, the court is allocating parental rights and responsibilities." *Fisher v. Hasenjager*, 116 Ohio St.3d 53, 2007-Ohio-5589, 876 N.E.2d 546, ¶ 23, citing R.C. 3109.04(A)(1). We review for an abuse of discretion a trial court's determination under R. 3109.04 of the allocation of parental rights and responsibilities for the children. *Andrew P. v. Jessy Z.*, 177 Ohio App.3d 837, 2008-Ohio-4124, 896 N.E.2d 220, ¶ 34 (6th Dist.), citing *Miller v. Miller*, 37 Ohio St.3d 71, 74 and 85, 523 N.E.2d 846 (1988). We also review for an abuse of discretion a trial court's decision to grant or deny a motion for shared parenting. *King v. King*, 6th Dist. Wood No. WD-20-087, 2021-Ohio-2970, ¶ 34. "The approval of a plan under [R.C. 3109.04(D)(1)(a)(ii) or (iii)] is discretionary with the court." R.C. 3109.04(D)(1)(b). Abuse of discretion "'connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

4.

{¶ 8} On October 28, 2019, appellant filed a motion for shared parenting and argued the best interests of the children were served by eliminating the temporary orders which violated appellant's federal First Amendment rights "on the times, places, and manner in which the Defendant and the minor children may speak, associate, worship, and share family privacy." Appellant's motion was accompanied by a proposed shared parenting plan. Separately, appellee filed a motion for adoption of parenting plan on July 21, 2020, that "largely follows the recommendation of the Guardian *ad Litem* in regards to the allocation of parental rights and responsibilities," but changed appellant's parenting time from every Thursday to every-other Thursday.

{¶ 9} Neither party disputes the trial court's determination that appellant's October 28, 2019 motion for shared parenting with a proposed shared parenting plan is governed by R.C. 3109.04(G). However, appellant disputes the trial court's conclusion under R.C. 3109.04(A)(1) that his proposed shared parenting plan was not in the best interests of the children and disputes the trial court's determination under R.C. 3109.04(B)(1) that the allocation of the parental rights and responsibilities is in the best interests of the children. Previously, the trial court determined that appellee's July 21, 2020 motion for adoption of parenting plan was not governed by R.C. 3109.04(G).

{¶ 10} When allocating parental rights and responsibilities, the trial court must take into account the best interests of the children pursuant to R.C. 3109.04(B)(1), and in doing so must consider all relevant factors under R.C. 3109.04(F). *Torres Friedenberg v.*

*Friedenberg*, 161 Ohio St.3d 98, 2020-Ohio-3345, 161 N.E.3d 546, ¶ 28. We review for an abuse of discretion a trial court's determination of the best interests of the children. *Kurzen v. Kurzen*, 6th Dist. Huron No. H-20-008, 2021-Ohio-1222, ¶ 25.

{¶ 11} As required by R.C. 3109.04(B)(1) and (D)(1)(a)(iii), we find the trial court engaged in the proscribed best-interests-of-the-children analysis in exercising its discretion to deny appellant's motion for shared parenting. The trial court expressly evaluated in the record each subsection under R.C. 3109.04(F)(1) and (2), where the trial court must consider all "relevant" factors, including, without limitation, the 15 enumerated factors.

{¶ 12} For example, the trial court considered the wishes of both parents as well as the wishes and concerns of the children, after an in camera interview with each child. The trial court considered the children's adjustment to home, school, and community by noting their 4H and sports activities, and the mental and physical health of all persons, including the counseling progress of each parent. It also considered the ability of the parents to cooperate and make decisions jointly, noting appellee's long history of taking care of the children. The trial court also considered the ability of each parent to encourage the sharing of love and affection, and referenced the observations of the guardian ad litem. It also considered any history of, or potential of, abuse and noted how appellant has sought counseling for his issues in this regard.

{¶ 13} We presume the trial court's findings in a child custody proceeding were correct and will not reverse a particular factual determination unless it is against the manifest weight of the evidence. *Funkhouser v. Funkhouser*, 6th Dist. Erie No. E-18-039, 2019-Ohio-733, ¶ 17. Findings by the trial court supported by some competent, credible evidence in the record will not be reversed as being against the manifest weight of the evidence. *Ross v. Ross*, 64 Ohio St.2d 203, 204-05, 414 N.E.2d 426 (1980).

{¶ 14} Appellant disagrees with a portion of the trial court's analysis and, consequently, urges us to find that the trial court failed to determine shared parenting was not in the best interests of the children. However, the record clearly shows the trial court conducted a best-interests-of-the-children analysis because it expressly analyzed every factor under R.C. 3109.04(F)(1) and (2). *Short v. Rhodes*, 6th Dist. No. WD-20-066, 2021-Ohio-1845, 173 N.E.3d 806, ¶ 100. The trial courts duty is to "consider" all relevant factors, including the ten factors of R.C. 3109.04(F)(1) and the five factors of R.C. 3109.04(F)(2), and that is exactly what the trial court did. *D.C. v. M.M.*, 6th Dist. Huron No. H-21-004, 2021-Ohio-3851, ¶ 15.

{¶ 15} We find there is some competent, credible evidence in the record to support the trial court's findings. Contrary to appellant's assertions, even if we found trial court error with any of the 15 factors, which we do not, such error does not automatically compel this court to find the trial court abused its discretion when it denied appellant's motion for shared parenting of the three minor children. *Davis v. Flickinger*, 77 Ohio

7.

St.3d 415, 420, 674 N.E.2d 1159 (1997) (trial court has a duty to consider all relevant factors, and then reach a custody decision that is in the best interests of the children).

{¶ 16} We reviewed the entire record and do not find the trial court's attitude was unreasonable, arbitrary or unconscionable when it determined the best interests of the children. We do not find the trial court abused its discretion when it denied appellant's motion for shared parenting and allocated parental rights and responsibilities for the three minor children between the parties.

{¶ 17} Appellant's first assignment of error is not well-taken.

## II.    Child Support

{¶ 18} The trial court's December 9, 2020 order and January 22, 2021 judgment entry calculated $1,390.71 per month for child support of the three children in accordance with R.C. 3119.121(A), 3119.01(C)(9)(b) and (12), and 3119.01(C)(17)(a)(i)-(xi). Appellant argues the trial court erred in ordering him to pay child support for two reasons:  improperly imputing potential income and denying him the requested deviation.

### A.  Potential Income

{¶ 19} Appellant argues that the trial court's acknowledgment in the December 9, 2020 order that he "lost his job with CSX Transportation due to several organizational changes at CSX" is evidence of the trial court's determination he was involuntarily unemployed. Appellant concludes that because the trial court determined he was

8.

involuntarily unemployed, it improperly imputed potential income to him and, therefore, improperly calculated child support. We disagree.

{¶ 20} In its journalized judgment entries the trial court reviewed the factors under R.C. 3109.01(C)(17)(a) for imputing appellant's gross income after he lost his job with CSX Transportation. Contrary to appellant's assertion, the trial court did not find appellant was involuntarily unemployed. Rather, trial court found that appellant had substantial prior employment experience with CSX Transportation pursuant to R.C. 31109.01(C)(17)(a)(i); appellant is well educated pursuant to R.C. 31109.01(C)(17)(a)(ii); appellant has no physical or mental disabilities pursuant to R.C. 31109.01(C)(17)(a)(iii); "there is no evidence that David does not have the ability to earn the imputed income" pursuant to R.C. 31109.01(C)(17)(a)(vii); appellant does not have a felony conviction pursuant to R.C. 31109.01(C)(17)(a)(x); and "the availability of employment opportunities is tight due to the present virus pandemic but that a vaccine should be available within the next six months or so" pursuant R.C. 31109.01(C)(17)(a)(xi).

{¶ 21} After the foregoing analysis the trial court determined appellant's imputed income is $112,613.33 with two components: $90,925 for his last base pay with CSX Transportation plus $21,688.33 for his 3-year average annual bonus. Using the statutorily proscribed basic child support schedule and applicable worksheet, the trial

9.

court ordered appellant to pay a total of $1,390.71 per month in child support for all three children.

{¶ 22} We begin with the presumption that the trial court's order "is rebuttably presumed to be the correct amount of child support due." R.C. 3119.03. Appellant bears the burden of rebutting the presumption under R.C. 3119.03 with facts from which the court can determine the child support obligation is unjust or inappropriate and not in the best interests of the children. *King v. King*, 6th Dist. Wood No. WD-20-087, 2021-Ohio-2970, ¶ 55.

{¶ 23} "Matters involving child support are reviewed under an abuse-of-discretion standard." *Morrow v. Becker*, 138 Ohio St.3d 11, 2013-Ohio-4542, 3 N.E.3d 144, ¶ 9. "[T]he question whether a parent is voluntarily (i.e., intentionally) unemployed or voluntarily underemployed is a question of fact for the trial court. Absent an abuse of discretion, that factual determination will not be disturbed on appeal." *Funkhouser*, 6th Dist. Erie No. E-18-039, 2019-Ohio-733, at ¶ 33. The trial court will determine the amount of "potential income" to be imputed for a child support obligation based upon the facts and circumstances of each case. *Rock v. Cabral*, 67 Ohio St.3d 108, 616 N.E.2d 218 (1993), syllabus.

{¶ 24} To calculate the amount of child support owed, the trial court must first determine the annual income of each parent. R.C. 3119.021(A). "Income" for child support purposes includes "gross income" and "potential income" of a parent who is

10.

unemployed or underemployed, regardless if the situation is voluntary or involuntary. R.C. 3119.01(C)(9)(b).[2] "Gross income" is defined by R.C. 3119.01(C)(12) as, generally, all earned and unearned income from all sources, with seven exceptions not applicable here. If the trial court finds a parent is voluntarily unemployed or underemployed, the trial court must consider that parent's "potential income" by reviewing the factors mandated by R.C. 3119.01(C)(17)(1)(a). *Downing v. Downing*, 6th Dist. Erie No. E-13-050, 2014-Ohio-4725, ¶ 39 (construing former R.C. 3119.01(C)(11)(1)(a)).

{¶ 25} "Potential income" is defined by R.C. 3119.01(C)(17)(a) and (b)[3] as imputed income that the court determines the voluntarily-unemployed-or-underemployed parent would have earned if fully employed after considering 11 criteria, including "any other relevant factor," plus imputed income from certain non-income-producing assets. R.C. 3119.01(C)(17) does not require the trial court to expressly find appellant is voluntarily unemployed or underemployed, and it is sufficiently implied where the record reflects the trial court considered the factors to determine appellant's "potential income"

---

[2] The text of R.C. 3119.01(C)(9)(b), "'Income' means * * * For a parent who is unemployed or underemployed, the sum of the gross income of the parent and any potential income of the parent," is identical to former R.C. 3119.01(C)(5)(b) and to former R.C. 3113.215(A)(1)(b).

[3] The text of R.C. 3119.01(C)(17) is identical to former R.C. 3119.01(C)(11) and significantly related to former R.C. 3113.215(A)(5).

for child support purposes. *Wheeler v. Wheeler*, 6th Dist. Ottawa No. OT-04-025, 2005-Ohio-1025, ¶ 26-27 (construing former R.C. 3113.215(A)(5)).

{¶ 26} Appellant argues the trial court abused its discretion when it failed to make the R.C. 3119.01(C)(17)(a)(iv) and (v) factors of primary importance over the rest because he testified they were negative factors to imputing his full income to him. However, the trial court is not required to accept as true appellant's rebuttal evidence of his lack of potential income for child support purposes. *Lazenby v. Bunkers*, 6th Dist. Wood No. WD-09-046, 2010-Ohio-3075, ¶ 32. In addition, nothing in R.C. 3119.01(C)(17)(a) gives significance to any particular factor over another. "The parent's subjective motivations for being *voluntarily* unemployed or underemployed play no part in the determination whether potential income is to be imputed to that parent in calculating his or her support obligation." (Emphasis sic.) *Rock v. Cabral*, 67 Ohio St.3d 108, 111, 616 N.E.2d 218 (1993) (construing former R.C. 3113.215). We do not find the trial court error appellant urges us to find.

## B. Deviation

{¶ 27} Appellant also argues the trial court abused its discretion when it failed to temporarily deviate his child support obligation to zero for up to 12 months "due to his involuntary unemployment" and failed to accept that "David and Deborah both agreed at trial that David had been paying for half of the children's expenses for [R.C. 3119.23(I)] items."

12.

**{¶ 28}** Appellant bears the burden that a deviation from the amount of child support that would otherwise result from the use of the basic child support schedule and applicable worksheet are "unjust or inappropriate and therefore not be in the best interest of the child." *King*, 6th Dist. Wood No. WD-20-087, 2021-Ohio-2970, at ¶ 55; R.C. 3119.22. In deciding whether to grant a deviation pursuant to R.C. 3119.22, the trial court may consider any of the 17 factors proscribed under R.C. 3119.23, which includes "any other relevant factor." R.C. 3119.22(A)-(Q). Nothing in R.C. 3119.23 gives significance to any particular discretionary factor over another, and we do not find appellant's emphasis on R.C. 3119.23(I) to be persuasive.

**{¶ 29}** In its journalized judgment entries the trial court considered, and rejected, appellant's request for a deviation of the child support calculation to zero pursuant to R.C. 3119.22 and 3119.23. The trial court analyzed the 17 factors of R.C. 3119.23, which it "may consider" in determining whether to grant an R.C. 3119.22 deviation, and found that none supported granting appellant's deviation. The trial court found that contrary to appellant's claims, appellant presented no evidence that he had made any significant in-kind contributions towards the support of the three children or paid all of the marital debt. Once again, we do not find the trial court error appellant urges us to find.

**{¶ 30}** We reviewed the entire record and do not find the trial court's attitude was unreasonable, arbitrary or unconscionable when it imputed appellant's potential income

13.

and denied a deviation to zero for appellant's child support obligation. We find the record contains some competent and credible evidence for the trial court to determine appellant's potential income. We do not find the trial court abused its discretion when it ordered appellant to pay in total child support $1,390.71 per month for the three minor children.

{¶ 31} Appellant's second assignment of error is not well-taken.

### III.    Division of Marital Property

{¶ 32} We will address appellant's third and fourth assignments of error together, as they challenge two parts of the trial court's judgment dividing marital property.

{¶ 33} In a divorce proceeding the trial court is required to divide the marital and separate property equitably between the spouses, if it makes such a determination of what each constitutes. R.C. 3105.171(B). Pursuant to R.C. 3105.171(C)(1), the division of marital property shall be equal, unless the trial court divides it between the spouses in the manner the court determines equitable after considering all relevant factors, including the ten factors set forth in R.C. 3101.171(F). Trial courts have broad discretion to determine the appropriate scope of these property awards. *Bursley v. Bursley*, 6th Dist. Huron No. H-18-006, 2019-Ohio-1556, ¶ 43. The fact a trial court divided property unequally, standing alone, does not amount to an abuse of discretion. *Hall v. Hall*, 6th Dist. Sandusky No. S-18-011, 2018-Ohio-4453, ¶ 32.

14.

## A. Kellogg Road Property

{¶ 34} Appellant argues the trial court erred by making "an unequal distribution of the equity in the Kellogg Road home" without first ordering a "new appraisal as of the date of divorce and a recalculation of the equity distribution." Appellant argues the Wood County Auditor's valuation ignores over $90,000 of improvements to the main house.

{¶ 35} The trial court's December 9, 2020 order and January 22, 2021 judgment entry identified the real property at 20600 Kellogg Road, Bowling Green, Wood County, Ohio "is clearly marital property." The trial court cited *Huelskamp v. Huelskamp*, 185 Ohio App.3d 611, 2009-Ohio-6864, 925 N.E.2d 167, ¶ 27-30 (3d Dist.) to exercise its broad discretion to reject appellant's claim, without supporting evidence at trial, the Kellogg Road property was worth substantially more than appellee's evidence at trial: the Wood County Auditor's valuation of $265,900  In addition to the Wood County Auditor's valuation, the record evidence at trial included a mortgage balance of $138,091, leaving a net equity of $126,909. The trial court stated that at trial appellant merely sought to defer the valuation of Kellogg Road for another appraisal and future litigation. The trial court awarded appellee the Kellogg Road property and determined the value of each party's portion therein is $63,454.50. The trial court ordered the parties to cooperate with specific actions that will result in appellee paying appellant $63,454.50 for the Kellogg Road property.

{¶ 36} The transcript of the three-day, final divorce hearing is in the record. The record shows appellant disputed plaintiff's exhibit with the Wood County Auditor's appraisal of the Kellogg Road property for the sole reason that, "I don't believe they have living space square footage correctly calculated." Appellant believed the Kellogg Road property was worth more, but did not provide evidence to support his opinion. In response to why he did not obtain a new real estate appraisal as part of the divorce proceedings, appellant answered, "There's been no need." Instead, appellant requested the trial court to order "a fair appraisal" of the Kellogg Road property and to equally divide the equity between the parties. On appeal, appellant now argues the Wood County appraisal ignored prior improvements to the property. However, we find the plaintiff's exhibit of the Wood County Auditor's appraisal of the Kellogg Road property – valued at $265,900 as of August 17, 2020 -- plainly incorporates on its face the "2013 remodel" that appellant alleges were ignored.

{¶ 37} "A trial court enjoys broad discretion in determining the value of a marital asset and is not required to adopt any particular method of valuation." *Huelskamp* at ¶ 27. No abuse of discretion will be found where there is some competent, credible evidence in the record to support the trial court's determination of the real estate's value. *Id.* We find that the record contains some competent, credible evidence with respect to the trial court's determination of $265,900 for the value of the Kellogg Road property,

the net equity of $126,909 after applying the undisputed mortgage balance of $138,091, and the equal division of the net value of that marital asset, or $63,454.50 to each party.

## B. Work Bonus

{¶ 38} Appellant does not dispute the trial court's determination that his 2019 CSX Transportation bonus, paid in February 2020 during the marriage, is marital property. However, appellant argues the trial court erred by ordering appellant to pay appellee $10,695 representing the one-half division of his gross, rather than net, work bonus because doing so made appellant 100% responsible for the income tax on the bonus. Appellant argues the result was an overpayment of $2,604.80 to appellee. We disagree.

{¶ 39} The trial court's December 9, 2020 order and January 22, 2021 judgment entry identified appellant's exhibit as the evidence of the bonus he received in 2020 for his 2019 employment with CSX Transportation: $21,390. Appellant testified on the second day of the final hearing for divorce that this bonus was deposited into three joint bank accounts with appellee. The trial court determined that appellee was entitled to one-half of that amount, or $10,695. Separately, the trial court ordered the equal division of multiple joint bank accounts and ordered the parties to file for tax year 2020 "as married filing jointly, in order to maximize their marital estate." Such orders reflect the trial court's compliance with the presumption of an equal division of marital property

17.

pursuant to R.C. 3105.171(C)(1), including the shared responsibility for the tax burden from the tax return.

{¶ 40} We reviewed the entire record and do not find the trial court's attitude was unreasonable, arbitrary or unconscionable when it equally divided the marital property of the Kellogg Road property and appellant's work bonus. We do not find the trial court abused its discretion.

{¶ 41} Appellant's third and fourth assignments of error are not well-taken.

IV.    Conclusion

{¶ 42} On consideration whereof, we find substantial justice has been done to appellant, and the judgment of the Wood County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.          

_____
JUDGE

Christine E. Mayle, J.       

Gene A. Zmuda, J.          

_____
JUDGE

CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.